CROPSEY v. HENDERSON, AUDITOR OF STATE.

FEES AND SALARIES.—*Salary of Prosecuting Attorney of Marion Criminal Circuit Court.—Jurisdiction.—Term of Office.—Constitutional Law.—Mandate.*—In a proceeding against the auditor of state, for a writ of mandate

requiring the defendant to issue to the plaintiff a warrant upon the state treasurer for salary alleged to be due to the plaintiff as a prosecuting attorney, the complaint alleged that the defendant had been duly elected and qualified as prosecuting attorney in and for the 16th Judicial Circuit, which was created by the act of December 20th, 1865, Acts 1865,. Spec. Sess., p. 153.

*Held*, on demurrer, that the complaint is insufficient.

*Held*, also, that the court created by said act was the Marion Criminal Circuit Court, a court of jurisdiction inferior to that of the circuit courts mentioned in section 1 of article 7 of the constitution of this State.

*Held*, also, that the salary of the prosecuting attorney of such court is to be paid, not out of the state, but out of the county, treasury.

*Held*, also, his term of office not having been fixed by that act, that, by section 2 of article 15 of the constitution of this State, his term of office continues four years.

From the Marion Circuit Court.

*H. Burns*, for appellant.

*T. W. Woollen*, Attorney General, for appellee.

WORDEN, J.—This was a petition by the appellant,. against the appellee, for a writ of mandate requiring the appellee, as auditor of state, to issue to the appellant a. warrant for $1,000, upon the state treasury.

Demurrer to the petition, for want of sufficient facts,. sustained, and judgment for defendant. Exception.

The petition alleges, that, " at the general election held. in the county of Marion, State of Indiana, on the second Tuesday of October, 1874, the said plaintiff was duly elected,. by the voters of said county, prosecuting attorney in and for the 16th Judicial Circuit, composed of said county of Marion, as required and provided by an act of the General Assembly of said State, entitled ' An act creating the 16th Judicial Circuit, and providing for the election of a judge and prosecuting attorney thereof, and providing compensation therefor, and declaring its jurisdiction, and providing for a transfer of actions thereto,' approved December 20th, 1865.

" That said plaintiff was duly commissioned and qualified

as such prosecuting attorney, and entered upon the discharge of the duties of said office, on the 4th day of November, 1874, the day provided by law on which his said term of office commenced, and continued in the discharge of the duties of said office for the space of two years, to wit, until the 4th day of November, 1876; that, during the time that said plaintiff continued in said office and to discharge the duties thereof, he became and was entitled by law to have and receive, out of the treasury of the State of Indiana, the sum of five hundred dollars annually, as his salary, which amount is now due and remains wholly unpaid."

The petition alleges a due demand upon the auditor, and refusal.

The act alluded to in the petition is the act establishing a criminal court in the county of Marion, called in the act a criminal circuit court, and denominating the territory in which jurisdiction is to be exercised, Marion county, as the 16th Judicial Circuit.   3 Ind. Stat., p. 172.

The question presented by the record is thus stated in the brief of counsel for the appellant: "Is the prosecuting attorney, elected under the provisions of the above named act, governed by the same laws, and entitled to the same compensation, as the prosecuting attorneys that are provided for in the constitution?"

The prosecuting attorney provided for by the constitution is paid his salary out of the state treasury; and, if the appellant is the officer thus provided for, he would seem to be entitled to be paid accordingly.   But the law provides for the payment of the salaries of the judges of the criminal circuit courts, as well as of the prosecuting attorneys therein, out of the county treasuries of the counties in which the courts are established.   3 Ind. Stat., p. 181, sec. 4.

The following provisions are found in the seventh article of the constitution: ·

" Sec. 1.  The judicial power of the State shall be vested in a supreme court, in circuit courts, and in such inferior courts as the General Assembly may establish.

" Sec. 8.  The circuit courts shall each consist of one judge, and shall have such civil and criminal jurisdiction as may be prescribed by law.

" Sec. 9.  The State shall, from time to time, be divided into judicial circuits ; and a judge for each circuit shall be elected by the voters thereof.  He shall reside within the circuit, and shall hold his office for the term of six years, if he so long behave well.

" Sec. 11.  There shall be elected, in each judicial circuit, by the voters thereof, a prosecuting atorney, who shall hold his office for two years."

It is thus seen, that the judicial power of the State is vested in a Supreme Court, circuit courts, and such inferior courts as the General Assembly may establish.  No courts, other than the supreme and circuit courts, can be established, except such as are inferior to the circuit courts.

It is quite plain also, that the prosecuting attorney provided for by the constitution is the prosecuting attorney for the circuit courts provided for by the constitution.  The sections of the constitution providing for circuit courts, the division of the State into judicial circuits, and the election of a judge and a prosecuting attorney in each of the judicial circuits, entirely exclude the idea that the prosecuting attorney provided for was to be the prosecuting attorney in any inferior court which the Legislature might establish.

The act above alluded to, establishing the criminal circuit court, provides for the election of a judge and prosecuting attorney for the circuit.

But the court is not a circuit court, within the meaning of the constitution.  It is an inferior court.  Indeed, it had to be held an inferior court, in order to sustain the

law creating it.   One circuit court, within the meaning of the constitution, could not be created within the territory allotted to another.

That the law creating the court is valid, as establishing a court inferior to the constitutional circuit court, was established in the case of *Clem* v. *The State*, 33 Ind. 418.

That case has been since followed.  It seems to us to follow, that the prosecuting attorney of that court is the prosecuting attorney of an inferior court, and not the prosecuting attorney provided for by the constitution.

It is said that there is no law fixing the duration of the term of office of the prosecuting attorney of the criminal circuit court.   We are not aware of any.   The act of May 13th, 1869, 3 Ind Stat., p. 180, sec. 2, fixed the length of the term of the judges at four years.

It is urged that the omission by the Legislature to fix the term of office of the prosecuting attorney is evidence that that body regarded him as the officer provided for by the constitution, which specifies the length of his term, requiring no legislation in that respect.  Any inference of that kind, that might otherwise have been drawn, is rebutted by the fact, that, in the same act, provision is made for the payment of his salary out of the county treasury, contrary to the law in respect to the payment of the prosecuting attorneys provided for by the constitution.

At the time of the trial below of the case of *Clem* v. *The State, supra,* there was no law fixing the length of the term of the judge of the criminal circuit court.   Yet it was held that that fact did not render the creation of the office a void act; nor does it seem to have been regarded as any reason for holding that the judge was a circuit judge, within the meaning of the constitution.

Perhaps the duration of the term of office of the prosecuting attorney of a criminal circuit court would, in the absence of any law, be limited to four years by the second

section of the fifteenth article of the constitution, which provides as follows:

" When the duration of any office is not provided for by this constitution, it may be declared by law; and, if not so declared, such office shall be held during the pleasure of the authority making the appointment. But the General Assembly shall not create any office, the tenure of which shall be longer than four years."

The reasoning in the Clem case leads to the conclusion, that, in the absence of legislation, the term of the office would extend to four years, and not longer.

We are of opinion that the appellant was not entitled to be paid out of the state treasury, and therefore that the demurrer to the petition was correctly sustained.

The judgment below is affirmed, with costs.