Hench v. The State, ex rel. O'Rourke.

No. 9266.

HENCH v. THE STATE, EX REL. O'ROURKE.

PROSECUTING ATTORNEY OF THE ALLEN CRIMINAL CIRCUIT COURT.—
*Term of Office.*—*Case Distinguished.*—The term of office of the prosecuting attorney of the Allen Criminal Circuit Court was and is for two years under the law, and no longer. *Cropsey* v. *Henderson*, 63 Ind. 268, distinguished.

SAME.—*Governor's Commission for Longer Period.*—The law fixes the term of the office, and the Governor's commission for a longer period will not extend it.

CRIMINAL CIRCUIT COURTS.—Criminal circuit courts are not circuit courts, but inferior courts, within the meaning of the constitution.

From the Kosciusko Circuit Court.

*J. Morris, W. H. Coombs, R. C. Bell, A. C. Harris* and *S. M. Hench*, for appellant.

*A. Zollars* and *W. S. O'Rourke*, for appellee.

Howk, J.—The principal question in this case, for the decision of this court, is this : What is the term of office of the prosecuting attorney of the Allen Criminal Circuit Court?   On the 1st day of December, 1880, an information in the nature of a *quo warranto* was filed by the appellee's relator against the appellant, in the Superior Court of Allen county.   Before any proceedings were had in the cause, changes of venue were granted from both court and county, and the case was transmitted for issue and trial to the circuit court of Kosciusko county.

The parties appeared in the latter court, and the appellant's demurrer for the want of sufficient facts to the relator's information was overruled, and his exception was duly saved to this decision.   He then answered in three paragraphs.   The relator's demurrer to the third paragraph of answer, for the alleged insufficiency of the facts therein, was sustained by the court, and to this ruling the appellant excepted.   The relator replied specially to the second paragraph of answer.   The appellant moved the court to strike out a specific portion of said special reply, which motion was sustained, and to this decision the relator excepted.

The cause, being at issue, was tried by the court, and a finding was made for the appellee's relator ; and, over the appellant's motion for a new trial, judgment was rendered against him and in the relator's favor, as demanded in the information.

The appellant has here assigned as errors the following decisions of the circuit court :

1.   In sustaining the relator's demurrer to the third paragraph of his answer ; and,

2.   In overruling his demurrer to the relator's reply to the second paragraph of his answer.

The appellee's relator assigned, as a cross error, the decision of the court, in sustaining the appellant's motion to

strike out a part of the reply to the second paragraph of answer.

Without especial reference to the errors assigned by either party, we will consider and decide what we regard as the controlling question in this case, and with which we have prefaced this opinion, namely : What is the term of office of the prosecuting attorney of the Allen Criminal Circuit Court?

It is certain such term of office can not be "longer than four years ;" because the office was created by act of the General Assembly, approved March 11th, 1867, and the last clause of section 2 of the 15th article of the constitution of 1851 expressly provides that "the General Assembly shall not create any office, the tenure of which shall be longer than four years."

It is equally certain as it seems to us, that such term of office can not be for a less period of time than two years, under the laws in force since April 26th, 1869, providing for biennial elections ; for, as the office could only be filled by an election every two years, and as such an officer as the prosecuting attorney would, under section 3 of article 15 of the constitution, hold his office until his successor had been elected and qualified, the term of such office would be practically at least two years.

In section 3 of the act of March 11th, 1867, under which the Allen Criminal Circuit Court was created and established, and under which two other criminal circuits were also created and established, it was and is provided as follows :

"SEC. 3. At the general election of the second Tuesday in October, 1867, there shall be elected, by the qualified voters of each of said circuits, a judge and prosecuting attorney, who shall be commissioned and qualified, and hold their respective offices in the manner required by law." Acts. 1867, p. 87 ; 1 R. S. 1876, p. 394.

It will be readily seen that this section of the statute does not prescribe the term of office of either the judge or the prosecuting attorney of either of the criminal circuits therein referred to, except in the closing provision of the section, that they should "hold their respective offices in the manner required by law." There can be no doubt but that at the time the act was passed, creating and establishing the Allen Criminal Circuit Court, the members of the General Assembly supposed that such criminal circuit courts were circuit courts, within the meaning of that expression as used in the constitution of 1851, and that the terms of office of the judges and prosecuting attorneys of such criminal circuit courts were, therefore, prescribed and limited by the constitutional provisions in relation to the terms of office of the judges and prosecuting attorneys of the circuit courts mentioned in the constitution. The General Assembly of 1869 passed "An act in relation to criminal circuit courts and the judges thereof," etc., approved May 13th, 1869, in the preamble of which act it was recited that, "Whereas, Doubts have arisen as to whether the criminal circuit courts of this State are such circuit courts as the constitution requires to be established, or whether they belong to the class of inferior courts which the General Assembly may, in its discretion, provide:

"And, Whereas, The legislation under which said criminal circuit courts exist fails to define or designate the term for which the judges thereof shall be elected," etc.

It was then enacted in said act, among other things, that the term of office of the judges of the criminal circuit courts elected and to be elected, should be four years from and after their respective elections, etc. Provision was also made in said act for an agreed case between any one of the said judges and the Governor of the State, to obtain a judicial determination of the question whether the criminal circuit courts were circuit courts or inferior courts within

the meaning of those expressions as used in the constitution. We are not advised that any such agreed case was ever presented to this court for decision; but the precise question was involved in the case of *Clem* v. *The State,* 33 Ind. 418, which was an appeal from the Marion Criminal Circuit Court. In the able and exhaustive opinion of FRAZER, J., in that case, the question was carefully considered, and the conclusion then reached by this court was, that the criminal circuit courts were not circuit courts, but inferior courts, within the meaning of the constitution. The correctness of that decision has never been doubted or questioned, but has been fully approved in the more recent cases in this court. *Ex Parte Wiley,* 39 Ind. 546 ; *Cropsey* v. *Henderson,* 63 Ind. 268 ; *The State, ex rel.,* v. *Morrison,* 64 Ind. 141 ; and *Guetig* v. *The State,* 66 Ind. 94.

It may be fairly inferred, we think, from the preamble above quoted of the act of May 13th, 1869, Acts 1869, Spec. Sess., p. 52, that, in the enactment of the act of March 11th, 1867, under which the Allen Criminal Circuit Court was created, it was supposed by the General Assembly that such criminal circuit courts were circuit courts, within the meaning of the constitution, and that the judges and prosecuting attorneys of such criminal circuit courts would hold their respective offices for the same terms as were then prescribed for the like officers of the circuit courts, both in the constitution of 1851 and in the laws enacted pursuant thereto by the General Assembly of 1852. It may be said, therefore, with reasonable certainty, as it seems to us, that it was the legislative intent, in the enactment of said section 3, above quoted, of the act of March 11th, 1867, to provide that the judge and prosecuting attorney of a criminal circuit court should "hold their respective offices in the manner required by law," constitutional and statutory, in relation to the term of office of the judge and prosecuting attorney, respectively, of the circuit courts mentioned in the consti-

·tution. In so far as the prosecuting attorney of a criminal circuit court is concerned, there is nothing in the subsequent legislation of this State to indicate any other or different intent on the part of the General Assembly as to the term of office of such prosecuting attorney. Section 11 of the 7th article of the constitution of 1851 provides as follows: "There shall be elected, in each judicial circuit, by the voters thereof, a prosecuting attorney, who shall hold his office for two years."

In section 1 of "An act to provide for the election, and certain of the duties of prosecuting and district attorneys," approved June 11th, 1852, it was provided as follows: "At the general election in the year 1852, and every second year thereafter, there shall be elected in each judicial circuit a prosecuting attorney, who shall prosecute the pleas of the State, in the circuit courts of such circuit." 2 R. S. 1876, p. 415. This statutory provision has since remained in force, and is now a part of the law of this State.

We are of the opinion, therefore, that when the General Assembly, in said section 3, above quoted, of the act of March 11th, 1867, under which the Allen Criminal Circuit Court was created and established, enacted and declared that the prosecuting attorney of such court should hold his office "in the manner required by law," such enactment and declaration were thus made with especial reference to the constitutional and statutory law prescribing and limiting the term of office of the prosecuting attorney of the circuit court, and with the intent that the prosecuting attorney of the criminal circuit court should hold his office for the term of two years, the term prescribed by law for the prosecuting attorney of the circuit court, mentioned in the constitution. Although the office of prosecuting attorney of a criminal circuit court was, under the decisions of this court, an office created by the General Assembly, yet, as the tenure or term of the office, as we construe the legislation in reference there-

to, was only "for two years," the General Assembly was not prohibited from creating such office by the last clause of section 2, above quoted, of article 15 of the constitution. We do not find, therefore, in any of the subsequent legislation, that "doubts have arisen" in relation to the term of office of the prosecuting attorney of the criminal circuit court, nor do we find anything to indicate that the General Assembly ever intended that such prosecuting attorney should hold his office in any other or different manner, or for any other or different tenure or term, than in the manner and for the tenure or term prescribed or required by law for the prosecuting attorney of the circuit court, mentioned in the constitution. Our conclusion is, that the tenure or term of office of the prosecuting attorney of the Allen Criminal Circuit Court was and is "for two years," under the law, and no longer.

It is manifest from the record before us, and from the briefs of counsel as well for the appellee as for the appellant, that this case probably had its origin in the construction placed by the parties respectively upon certain language used by WORDEN, J., speaking for the court, in the case of *Cropsey* v. *Henderson, supra.* It appears from the opinion in the case, that Cropsey had been the prosecuting attorney of the Marion Criminal Circuit Court for the term of two years, from November 4th, 1874, until November 4th, 1876, and no longer. He did not claim that he was entitled to the office for a longer term than two years. On the contrary, the theory of his case was utterly inconsistent with any such claim. His claim was that, as such prosecuting attorney, he was entitled by law to an annual salary to be paid out of the State treasury; and his suit was to compel Henderson, Auditor of State, by mandate, to issue him a warrant for such salary. The law provided that his salary should be paid out of the county treasury, and he could have

no possible claim upon the State treasury, except upon the theory that the court in which he was prosecuting attorney was a circuit court within the meaning of the constitution; and, if that theory were true, his term of office would have been expressly limited by the constitution to a term for two years. Clearly, therefore, the length of his term of office was not a question for decision, either in the trial court or in this court. This court held, in substance, that, as his office was created by an act of the General Assembly, as the prosecuting attorney in an inferior court, within the meaning of that expression in the constitution, he was not, as such officer, the prosecuting attorney mentioned in the constitution; and that, therefore, he had no claim, under the law, upon the State treasury for the payment of his salary, and the auditor of state could not be compelled, by mandate, to issue his warrant therefor. These were the only points in judgment, in the decision of this court, in the case cited.

In the opinion of the court, WORDEN, J., said: "Perhaps the duration of the term of office of the prosecuting attorney of a criminal circuit court would, in the absence of any law, be limited to four years by the second section of the fifteenth article of the constitution, which provides as follows:

"'When the duration of any office is not provided for by this constitution, it may be declared by law; and, if not so declared, such office shall be held during the pleasure of the authority making the appointment. But the General Assembly shall not create any office, the tenure of which shall be longer than four years.'

"The reasoning in the Clem case leads to the conclusion, that, in the absence of legislation, the term of the office would extend to four years, and not longer."

We are of the opinion that the language quoted will not authorize or bear the construction which, it would seem, has been placed upon it. It must be borne in mind that the du-

ration of Cropsey's term of office, as prosecuting attorney of the Criminal Circuit Court, was not a question for the decision of this court, and was not decided, nor intended or attempted to be decided. There was no occasion, therefore, for this court to overhaul the legislation of this State for ten years or more, to examine critically such legislation as seemed to have a possible bearing upon the duration of such term of office, or to construe, interpret, or to endeavor to arrive at the legislative intent in the enactment of such legislation ; and these things were not done. The language quoted was probably written in answer to some suggestion, that, as the act creating the office did not expressly define and limit the term of such office, its duration would be unlimited. For all that is said in the language quoted is that in such a case the duration of such term of office would be limited to four years by the constitutional provision set out in the opinion. It certainly was not said, nor intended to be said, that this constitutional provision *fixed* the duration of such term of office at four years ; it was simply said that, in the absence of any legislation bearing on the point, if there were none, the constitutional provision quoted would *limit* the term to four years.

It appears from the record of this cause, that, since the act of April 26th, 1869, 3 Ind. Stat., p. 232, providing for biennial elections, commencing with the second Tuesday in October, 1870, the office of prosecuting attorney of the Allen Criminal Circuit Court has been filled by election at each of such biennial elections, and the officer so elected has been commissioned by the Governor for the term of two years only, down to and including the election in October, 1878. At that election Hench, the appellant, was elected to such office, and was commissioned by the Governor for the term of two years from the 24th day of October, 1878, until the 24th day of October, 1880. At the regular election in Octo-

ber, 1880, the appellee's relator, O'Rourke, was duly elected as such prosecuting attorney for the term of two years from the 24th day of October, 1880 ; but the Governor has commissioned him for the term of four years from and after the day last named, instead of for the term of two years, to which only, as we think, he was lawfully entitled. The law, however, fixes the term of the office, and where the term is thus fixed it is certain that the Governor's commission for a longer period will not extend the legal term. It is certain, also, that the appellee's relator was, at the time this cause was tried below, and still is, entitled to the possession of the office in controversy for his legal term. *The Board, etc., of Boone Co.* v. *The State*, 61 Ind. 379.

We are of the opinion, therefore, that the trial court has reached a right conclusion in its finding and judgment in this case, in so far as the relator's title to the office in controversy, and his right to the full possession thereof, for the term of two years from and after the 24th day of October, 1880, are concerned and in issue. In such a case, even though errors may have intervened, a point which we have not examined and do not decide, yet, as the substantial rights of the appellant do not seem to us to have been affected thereby, or by the judgment below, we can not reverse the judgment, under the code, on account of such errors. 2 R. S. 1876, p. 83, sec. 101. Again, in section 580 of the code, it is provided that no judgment shall be reversed, in whole or in part, where, as in the case at bar, it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below. 2 R. S. 1876, p. 246.

The judgment is affirmed, at the appellant's costs.