## CROCKET v. THE STATE.

SUNDAY.— *Criminal Law.*— *Work of Necessity.*—Such labor on Sunday as is a necessary incident to the accomplishment of a lawful purpose, such as the manufacture of malt beer, is not a violation of the statute for the protection of the Sabbath, 2 G. & H. 481.

APPEAL from the Wayne Criminal Circuit Court.

RAY, C. J.—Indictment for violation of the act of February 28th, 1855, 2 G. & H. 481, for the protection of the Sabbath. Trial by the court; conviction; and, over a mo-

Crocket *v.* The State.

tion for a new trial, a fine imposed. The proof on the trial was that the appellant had three or four times, on different Sundays, worked at a certain malt house in turning a heap of barley, for the purpose of malting the same, it requiring an hour or two to do the work each time.

On the part of the defendant, it was proved that the process of malting the barley was as follows: Into a tub, calculated to hold three hundred bushels when half filled with water, the barley was run. Then the water is changed twice a day for three days. Unless this is done the barley will spoil. The barley is afterwards removed from the tub and placed in the cellar, where it remains four days and nights, during which time it malts, or sprouts; and it requires to be turned upside down at least three times each day in summer, and twice each day in winter. Unless this labor is performed the sprout will be destroyed; the grain will heat at the base and mould on the outside. After four days the barley is drawn on a kiln, to dry; and while there, it must be turned four times each day for two days, the third day three times, when it is out of much danger. The time required to malt is ten days, and any neglect during that period for twenty-four hours to handle the barley would spoil it.

Our statute excepts works of "necessity;" and as the evidence introduced proves the labor, with which the appellant is charged, to have been a work necessary to accomplish the object in view, and as the law authorizes the manufacture of beer, the purpose therefor being lawful, the labor was also lawful.

In Massachusetts, in *Commonwealth* v. *Knox*, 6 Mass. 76; as early as the beginning of the present century, Chief Justice PARSONS recognized the principle that any labor necessary, by which, he says, "cannot be understood *physical* necessity," but such labor as is necessary to accomplish a lawful object, under the circumstances of any particular case, cannot be considered as against the prohibition of the statute. So in

*McGatrich* v. *Wason*, 4 Ohio St. 566, it was held, that "the necessity may grow out of, or, indeed, be incident to, a particular trade or calling." Clearly, in the case in judgment it is such an incident. Indeed, the case of *Morris* v. *The State*, 31 Ind. 189, is conclusive against the ruling of the court below. We will simply add a few authorities to the citations made in that case. *Flagg* v. *The Inhabitants of Millbury*, 4 Cush. 243; *Whitcomb* v. *Gilman*, 35 Ver. 297; *Logan* v. *Mathews*, 6 Penn. St. 417; *Myers* v. *The State*, 1 Conn. 502.

Judgment reversed, and cause remanded for new trial.

*L. Develin, W. A. Peelle,* and *H. C. Fox,* for appellant.
*D. E. Williamson,* Attorney General, for the State.