### Ex Parte Wiley.

Judge.—*Circuit Court.—Criminal Circuit Court.—Change of Venue.*—The act of December 20th, 1865 (3 Ind. Stat. 172), making Marion county the sixteenth judicial circuit, and establishing therein "a criminal circuit court,"

to be governed by the law in regard to circuit courts, and the 77th section of the criminal code, as amended on the same day (3 Ind. Stat. 548), providing that, on an application for change of venue, where the objection is to the judge of the circuit court, any other circuit judge may hold the court and try the cause, must be construed together, and the judge of the criminal circuit court be considered a circuit judge within the intent and meaning of said section as amended.

APPEAL from the Clarke Common Pleas.

WORDEN, J.—James M. Wiley was indicted in the circuit court of Decatur county for the crime of murder. He filed an affidavit that he could not have a fair and impartial trial before the judge of that court, the Hon. Jeremiah M. Wilson, and thereupon the judge called to preside at the trial of the cause the Hon. George H. Chapman, the judge of the Marion Criminal Court. Wiley objected to the competency of Judge Chapman to preside at said trial, but his objection was not sustained. He was tried before the latter judge by a jury, convicted, and sentenced to imprisonment in the penitentiary for life. He applied for a writ of habeas corpus, and claimed to be discharged from imprisonment in the penitentiary, on the ground that Judge Chapman, being the judge of the Marion Criminal Court, and not the judge of a circuit court or court of common pleas, was incompetent to try said cause, and had no jurisdiction in the premises; and, therefore, that the judgment of condemnation was a nullity, and did not authorize the warden of the State's prison to detain him. The writ was issued, and upon a hearing of the cause in the court below, Wiley was remanded to custody. From that order he appeals to this court.

The only question presented is, whether Judge Chapman was authorized to preside at the trial of the cause in the Decatur Circuit Court. The solution of this question must depend upon the construction of statutory provisions, which will be noticed.

On the 20th of December, 1865, an act was approved, making Marion county the sixteenth judicial circuit, and establishing therein the court styled "a criminal circuit

court," and providing, amongst other things, that the "said court shall, in all things not otherwise provided by law, be governed by the law now in force in regard to circuit courts." The court thus established was invested with "complete jurisdiction" in criminal actions. Subsequently, other acts were passed by the legislature, of the same general character, creating judicial circuits in other counties, and establishing therein criminal circuit courts. 3 Ind. Stat. 172.

On the same day, December 20th, 1865, the 77th section of the criminal code, on the subject of the change of venue in criminal cases, was amended. The amended section is as follows: "When the objection is to the judge, in an action pending in the court of common pleas, the action may be transferred to the circuit court of the county, and tried therein. When the objection is to the judge of the circuit court, any other circuit judge, or judge of the common pleas, may hold the court and try the cause." 3 Ind. Stat. 548.

Now it is claimed that the judges of the criminal courts thus established are not circuit judges, and therefore cannot be called to preside, where objections, in criminal cases, are made to circuit judges. But we are of opinion that they are circuit judges within the meaning of the statute above quoted, on the subject of the change of venue. We agree, as was decided in *Clem* v. *The State*, 33 Ind. 418, that the criminal courts thus established are not circuit courts within the 7th article of the constitution; that they are inferior courts in the same sense in which the common pleas is an inferior court. But whilst they are not such circuit courts as are contemplated by the constitution, they are such courts as the legislature had the right to establish. The legislature had the right to give them whatever name it saw proper, and they were called criminal circuit courts. The territory over which jurisdiction was extended was denominated a circuit. We have seen that the act establishing the criminal circuit court in Marion county, and that amending the act in respect to change of venue, were passed at the same ses-

sion of the legislature and approved on the same day. They must be construed together. The court thus established being called a criminal circuit court, and its jurisdictional limits as to territory denominated a circuit, we think the judge of the court was a circuit judge within the intent and meaning of the amendment of the act as to change of venue. That amended act provided for calling "any other circuit judge." While the judge of the criminal court was not the judge of a circuit court within the meaning of the constitution, we think he was a circuit judge within the meaning and intent of the legislature. This construction, it is believed, will better subserve the public convenience, and carry out the true intent of the legislature, than to hold that the judges of the several criminal courts could not be called in such cases.

We therefore conclude that Judge Chapman was rightfully called, and had full authority to preside at the trial of said cause.

The judgment below is affirmed, with costs.

*J. Gavin, J. D. Miller, W. O. Foley, C. Ewing,* and *J. K. Ewing,* for appellant.

*B. W. Hanna,* Attorney General, for the State.