Fox *v.* Baker.

---

# IN GENERAL TERM, 1873.

HENRY C. Fox, Appellant, *v.* CONRAD BAKER, Governor of the State of Indiana.

VACANCY—*statute construed, legislative will.*

JUDGESHIP.

On the 14th day of March, 1867, A was appointed Judge of the Wayne Circuit Court, under the act of March 11th, 1867, and commissioned to serve until the general October election, 1867. At the October election, 1867, B was elected Judge of said Court, and commissioned as a Circuit Judge. On the 29th day of April, 1869, B died. On the 4th of May, 1869, C was appointed by the Governor, Judge of said Court, and commissioned to serve until the next general election. At the next general election in October, 1870, C was elected, and on the 12th day of November, 1870, commissioned to serve for the term of years

to which he may be entitled by virtue of his election, and until his successor should be elected, &c. At the October election in 1872, the voters of Wayne county again voted for Judge of said Court, and D received a majority of the votes.

*Held:* That C, who was elected at the general October election in 1870, was entitled to hold the office for the period of four years from the date of his commission, and hence there was no vacancy in said office at the time of the October election in 1872.

*Bradbury,* for appellant.

PERKINS, J.—This cause was commenced by an application for a writ of mandate against the defendant, as Governor of the State of Indiana, requiring him to show cause why he should not issue to the plaintiff a commission as Judge of the Criminal Court of Wayne county, to which office he claims to have been elected at the October election 1872.

The defendant filed an answer setting out the reasons of his refusal to issue the commission.

An agreed statement of facts was filed, upon which the cause was submitted at Special Term, and a finding, and judgment rendered thereon for the defendant.

A motion for a new trial was overruled, and the plaintiff appealed to the General Term, the proper exceptions having been taken to the rulings at Special Term.

The facts contained in the agreed statement, as far as necessary to the consideration of the question presented, are as follows:

The Wayne Criminal Court was created by the act of the General Assembly of March 11th, 1867. On the 14th day of March, 1867, the Hon. Wm. A. Peele, was, according to the provisions of the act, appointed Judge of said Court to serve until the general election in October, 1867. At the October election, 1867, the Hon. Nimrod H. Johnson was elected Judge, and was commissioned as a Circuit Judge. He entered upon the duties of the office, and continued to serve

as such until the 29th day of April, 1869, at which time he died.

On the 4th day of May, 1869, the Hon. George Holland was appointed as such Judge to serve until the next regular election thereafter. The next election was in October, 1870, at which time the said Holland was elected, and commissioned on the 1st day of November, 1870, "for the term of years to which he may be legally entitled by virtue of said election, and until his successor is elected, and qualified."

At the October election, 1872, the voters of Wayne county again voted to elect a Judge of said Court, and the plaintiff received a majority of the votes cast at said election for such office, all of which was duly certified to the office of the Secretary of State, and afterwards the plaintiff demanded of the defendant a commission, which was refused.

The question presented may be briefly stated thus: Was the Hon. George Holland, at the time he was commissioned, after having been elected in October, 1870, entitled to hold the office for the term of four years? If he was, there was no vacancy at the time the plaintiff claims to have been elected at the October election, 1872, and hence he would not be entitled to a commission.

The question depends upon the construction of certain statutes. On the part of the plaintiff it is claimed that the commission of the Hon. Nimrod H. Johnson, issued to him after his election in October, 1867, entitled him to hold the office for four years, which would make his term of office expire in October, 1871; and that after his death, the election of the Hon. George Holland, at the October election, 1870—and his commission only entitled him to hold the office for the unexpired portion of the term which the Hon. Nimrod H. Johnson would have been entitled to hold had he lived; and hence it is claimed there was a vacancy in the office at the October election, 1872.

It is conceded, that at the time Johnson was elected and commissioned in October, 1867, the impression prevailed that the office was that of a Circuit Judge.   This impression was, however, incorrect, as was afterwards decided by the Supreme Court in the case of *Clem* v. *The State*, 33 *Ind.*, 418.   It was held in that case that Criminal Circuit Courts were not *Circuit Courts* as contemplated by the provisions of the constitution, but were inferior courts, and the power to create such courts being given to the Legislature by Section 1 of Article 7 of the Constitution, such courts possessed a constitutional, and valid existence prior the act of May 13th, 1869, which for the first time fixed the term of office of the judges of such courts.

Prior to the act of May 13th, 1869, there was no statute fixing the term of office of the Judges of Criminal Circuit Courts.   Fourteen days before the taking effect of that act, Judge Johnson had died, and there was a vacancy in the office for the unexpired term for which he had been elected, and though there was no law fixing the term of office, it could not have been under Section 2 of Article 15 of the Constitution, for a longer period than four years.   Nine days before the taking effect of the act of May 13th, 1869, Judge Holland was appointed to fill the vacancy occasioned by the death of Judge Johnson.

At the time of the passage of the act alluded to, there was no one holding the office of Judge of the Wayne Criminal Court by virtue of an election by the people, and the appointment of Judge Holland only extended to the next general election.

It was evidently the intention of the Legislature, by the passage of the act of 1869, to fix the term of office of the Judges.   It was passed to remove all doubts upon that question.

The section reads as follows :   " The Judges of the Crim-

inal Circuit Courts of this State elected, or to be elected, shall be entitled to serve for the term of four years from, and after their respective elections, and until their successors are elected, and qualified, &c."

It is claimed by the plaintiff that this section had, and was intended to have, a retroactive effect, and fixed the terms of the Judges elected in 1867, at four years, and hence the term of office of those so elected would expire in 1871 , and hence that the act fixed a four years term for Judge Johnson, and although he was dead, the time intervening between his death and October, 1871, was but an unexpired portion of the term for which he was elected.

The position of the plaintiff, as far as it relates to the judges who were elected in 1867, and who were living at the time the act took effect, is conceded to be correct. But on the 13th day of May, 1869, there was no person holding the office of Judge of the Wayne Criminal Circuit Court who had been elected by the people.

At the time of passing the act affecting, and relating to public offices, it is to be presumed that the Legislature had a knowledge of the existing circumstances.

It was clearly not intended by the act, that Judges of Criminal Courts should all be elected at the same time, in order to secure uniformity, as is insisted was necessary, in the brief of the plaintiff. Laws had already been passed, and judges elected in Marion county in 1866, in Allen county in 1867, and in the counties of Jefferson, and Vanderburgh in 1868, and hence no uniformity in the commencement, or end of terms of office was secured, or intended; nor is such uniformity required by any provision of the Constitution.

The statute in question was the starting point, no tenure of office having been fixed by law before. It is the only act relating to the particular offices included therein, and while the rules of construction set out in the carefully prepared

brief of the plaintiff are correct, it is the duty of the Court first to look to the " words and phrases " of the act itself, and see if " their plain and ordinary, and usual sense " will not enable us to ascertain the will of the Legislature.

But we are also referred to the 7th Section of " an act touching vacancies in office, &c.," which reads as follows : " Every person elected to fill any office in which a vacancy has occurred, shall hold such office for the unexpired term thereof." 1 *G. & H.* 672, *Sec.* 7. This section was enacted on the 13th of May, 1852, and is the general law touching vacancies in office. It applies to all cases not otherwise provided for, both as to offices in existence at the time of its passage, as well as those created since.

*The State ex rel., Benton* v. *The Mayor of Laporte,* 28 *Ind.,* 248; *Baker,* ( *Governor,*) v. *Kirk,* 33 *Ind.,* 517.

The cases just cited are urged upon our attention by the plaintiff in support of his construction of the statutes. In each of them there was an apparent necessity to which the Court alludes for giving the construction placed upon the particular statutes there involved. In the first, it was that each of the two Councilmen provided for from a ward of a city might not go out of office at the same time, the second presented the same question as to three prison directors.

In the case of Baker, (Governor,) v. Kirk, it is clearly implied by the language of the Court that the filling of a vacancy may be specifically provided for, so as to remove it from the operation of the general law before cited.

In speaking of the act relating to the election of prison directors, the learned judge says: " The Legislature seems to have framed the law in view of the seventh section above quoted, for it does not specify the time for which a person shall be elected to fill a vacancy, but leaves it to the general law."

We believe the language used in the act before us, clearly

indicates a legislative intention to take the case of the election of Judges of Criminal Courts out of the general law, and provides that when elected they shall be "entitled to serve for the term of four years from, and after their respective elections."

We are strengthened in this view from the fact that it has been distinctly held, that the general provision heretofore cited, (*Sec.* 7, 1 *G. & H., page* 672) is not of universal application.   See *The Governor* v. *Nelson,* 6 *Ind.,* 497.

The conclusion to which we have arrived, is, that the Hon. George Holland, by virtue of his election by a popular vote of the people at the regular October election in 1870, is entitled to hold the office of Judge of the Wayne Criminal Circuit Court for the period of four years from the date of his commission; and that there was no vacancy in said office at the time the plaintiff claims to have been elected.

The writ of mandate was, therefore, rightly refused, and the judgment must be affirmed.