## THE STATE, EX REL. PITMAN, *v.* TUCKER.

CONSTITUTIONAL LAW.—*Judicial Circuits.*—The act to divide the State into circuits for judicial purposes, etc., approved March 6th, 1873 (Acts 1873, p. 87), so far as it authorizes the election of prosecuting attorneys in October, 1873, is constitutional.

SAME.—*General Law.*—*Legislature.*—The legislature is the exclusive judge, whether a law on any subject not enumerated in section 22 of article 4 of the constitution can be made general and applicable to the whole State. BUSKIRK, J., dissented.

JUDGE.—*Prosecuting Attorney.*—Judges of circuit courts and prosecuting attorneys are not state, county, or township officers.

STATUTE.—*Subject of Act.*—The subject of the act to divide the State into

circuits for judicial purposes, etc., approved March 6th, 1873 (Acts 1873, p. 87), is circuit courts, and the other matters in the act are properly connected therewith.

From the Orange Circuit Court.

*S. Claypool*, *J. L. Mitchell*, *W. A. Ketcham*, *C. F. McNutt*, and *G. W. Grubbs*, for appellant.

*C. Baker*, *O. B. Hord*, *A. W. Hendricks*, and *J. W. Tucker*, for appellee.

DOWNEY, J.—This was an information in the name of the State, on the relation of Jeremiah Pitman, against the appellee. The facts stated in the information are, that on the 12th day of March, 1873, Pitman was appointed and commissioned by the governor prosecuting attorney for the tenth judicial circuit, and on the 15th day of said month gave bond, was sworn, and entered upon the discharge of the duties of the office. It is then alleged by the relator, that the defendant, on the 30th day of October, 1873, wrongfully and unlawfully usurped and intruded into the said office of prosecuting attorney of said circuit, and from that day until the present time has unlawfully and wrongfully held said office, not being then and there entitled to hold said office and exercise the duties thereof, to the damage of the relator, who of right is entitled to hold the same and discharge the duties thereof; wherefore, etc.

The defendant answered, alleging his eligibility to the office, and that at the election in October, 1873, provided for by the act entitled " an act to divide the State into circuits for judicial purposes, fixing the time of holding courts therein, abolishing the courts of common pleas, and transferring the business thereof to the circuit courts, and providing for the election of judges and prosecuting attorneys in certain cases," approved March 6th, 1873, Acts 1873, p. 87, he was duly and legally elected to the office; that on the 22d day of October, 1873, he was commissioned by the governor; that he accepted the office, and on the 29th day of said month he executed his official bond, and on the

31st was duly sworn, etc.; by virtue of which he became, and was, and still is, the prosecuting attorney of said circuit.

There was a second paragraph of the answer. The relator demurred to the paragraphs of the answer, on the ground that they did not state facts sufficient to constitute a defence to the action.

The demurrer to the second paragraph was sustained, and that to the first paragraph was overruled, and final judgment rendered for the defendant.

The overruling of the demurrer to the first paragraph of the answer is the only error assigned.

The question presented and argued is the constitutionality of the act, the title to which is above set out, so far as it professes to authorize the election of a prosecuting attorney in October, 1873. On account of the increase in the number of circuits, there were vacancies in many of them, both in the office of judge, and also in that of prosecuting attorney. It was provided that the judges of the circuit courts then in office, residing in the circuits created by the act, should be the judges of said courts for the circuits therein provided; and, by implication, the persons holding the office of prosecuting attorney continued to act as such in the circuit in which they happened to reside according to the new districting. There being a vacancy in the office of prosecuting attorney, as also in the office of judge, in the circuits where there was no one holding the office as above, the governor was authorized to appoint some one to fill the vacancy. *Stocking* v. *The State*, 7 Ind. 326; 1 G. & H. 671, sec. 2; Const., art. 5, sec. 18. The eighty-second section of the act is as follows:

"On the second Tuesday of October, 1873, a general election shall be held in the proper counties to elect judges and prosecuting attorneys in place of such judges and prosecuting attorneys as may be holding their office by appointment of the governor; and such election shall be held and

conducted under the laws and regulations governing general elections in this State."

The first objection urged against the law is stated in the brief of counsel for the appellant, as follows: "The law is special, and provides for a special election. It is therefore in conflict with section 22 of article 4 of the constitution of the State, which declares, that 'the General Assembly shall not pass local or special laws, in any of the following enumerated cases; that is to say: * * Providing for opening and conducting elections of state, county, or township officers, and designating the places of voting;' and with section 23 of the same article, which is as follows: 'In all the cases enumerated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the state."

In *Thomas* v. *The Board of Commissioners, etc.*, 5 Ind. 4, it was held competent for the courts to inquire whether a general law can be made applicable to the subject-matter of a local or special law enacted by the legislature, when it did not violate section 22, but was supposed to violate section 23, above quoted. But in *Gentile* v. *The State*, 29 Ind. 409, that case was overruled, and it was held, that the legislature was the exclusive judge whether a law on any subject not enumerated in section 22 can be made general and applicable to the whole State. This case was followed by *The State* v. *Boone*, 30 Ind. 225; *Longworth's Ex'rs* v. *The Common Council of Evansville*, 32 Ind. 322; *Clem* v. *The State*, 33 Ind. 418. Thus the rule stands now, and, without entering into an examination of the question which is the better rule, being at all times opposed to overruling cases without a strong necessity for so doing, we adhere to the rule as it now stands. The law in question in this case does not fall within any of the specifications of section 22. It does not provide for opening and conducting elections of state, county, or township officers, designating the places of voting, nor violate

section 22 in any way. Whether it does or does not violate section 23, was a question for the legislature, under the rule above recognized.

Judges of the circuit court and prosecuting attorneys are not state, county, or township officers. Art. 5, sec. 18, Const., and 1 G. & H. 671, sec. 2.

The second objection to the law is, that it violates section 18 of article 5 of the constitution of the State. That section is as follows: "When, during a recess of the General Assembly, a vacancy shall happen in any office, the appointment to which is vested in the General Assembly; or when, at any time, a vacancy shall have occurred in any other state office, or in the office of judge of any court; the governor shall fill such vacancy by appointment, which shall expire when a successor shall have been elected and qualified." Counsel have not urged this objection in their brief. We may therefore dismiss it by saying that we do not perceive any point in which that section is violated by the act in question.

The third objection is, that the act is in conflict with section 14 of article 2, which declares that " all general elections *shall be held* on the second Tuesday in October." The election in this case was provided for and held on that day.

The fourth and last objection urged is, that the law, so far as it provides for an election, is void, because it is in conflict with section 19 of article 4 of the state constitution. That section is as follows: "Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

Counsel state their position on this point thus: "We further submit that the law in question is void, because in conflict with section 19 of article 14, which provides that every law shall embrace but one subject and matters properly connected therewith. The subject of the act of

March 6th, 1873, clearly appears to be a division of the State into circuits for judicial purposes. Two other subjects are embraced in the title and in the act, one of which is the matter embraced in section 82, and is expressed in the title by these words in the conclusion of the title, to wit: 'and providing for the election of judges and prosecuting attorneys in certain cases.' This part of the title and section 82 introduce a new and distinct field of legislation, the subject of elections."

We suggest that the position of counsel, if tenable, would be fatal to their case. The clause of the constitution providing that every act shall embrace but one subject and matter properly connected therewith, does not, when two subjects are embraced in an act, authorize the court to say which shall be the subject of the act, and hold the provisions relating to such subject valid, and the provisions of the act not relating to that subject void. But the plain and evident construction is, that in such case the whole act is void. If, for illustration, to divide the State into circuits and fix the time of holding the courts therein is one subject with a matter properly connected therewith, to abolish the common pleas and transfer the business thereof to the circuit courts is another subject with a matter properly connected therewith, and to provide for the election of judges and prosecuting attorneys is another subject, it must follow that the whole act is void, and in that case there was no law under which the relator could claim to hold the office of prosecuting attorney, to which he was appointed; and consequently he could have no standing in court to contest the right of the appellee. 2 G. & H. 323, sec. 752.

It may be doubted whether the section of the constitution in question has accomplished all the good that was anticipated when it was adopted. It was said in *The Indiana Central R. W. Co.* v. *Potts*, 7 Ind. 681, that its objects were, first, to have the title indicate the subject-matter of the act; and, second, to promote the codification of the statutes. We apprehend that the main purpose was to prevent the passage

of bills containing important provisions concealed under a title which gave no intimation of their presence. It seems to have been supposed by the authors of the section that the legislature would first form the title of the act, and then arrange the sections and clauses of the act so as to bring them within the title. But every person acquainted with the mode of legislation knows that to agree upon the title of the act is the last thing which is done by the legislature. A bill may pass through all its readings, references, and reports thereon, and be finally passed under one title, and at last receive a title wholly different from that which it had during its enactment; thus almost, if not entirely, defeating what seems to us the main object of the section.

Some of the most important and difficult causes presented to this court have arisen under this section of the constitution. The case under consideration is by no means the least of them. If this act contains two or more subjects of legislation, and the whole act is therefore void, it is not only the election of the appellee that must be affected, but the election of all other persons who were elected prosecutors at the same time; also, the election of all those persons who *were elected to* the office of judge at the same election ; also, the holding of all the circuit courts which have been held since the act took effect, and all the business done in these courts, the terms of which were fixed by the law, would be wholly unauthorized. The train of evils which would follow could hardly be imagined. But notwithstanding these consequences, it is the duty of the court, if the act is plainly in violation of the constitution, to so decide, without regard to the evils that may ensue.

This court has been inclined, however, to follow a somewhat liberal rule with reference to the titles of acts of the legislature, in every case resolving the doubts in favor of the validity of the act, when the question was not clear of reasonable doubt.

Two courts had been in existence in the State, with jurisdiction concurrent in many respects. The legislature con-

cluded that it would best serve the public interest to dispense with one of them, and confer upon the remaining court the jurisdiction which had been exercised by both of them. The court which was to remain was the circuit court, and this was no doubt the subject in the mind of the legislature in framing the act. The other matters in the act were regarded as matters properly connected with the main subject. As there was to be in the future but one court, when before there had been two, a greater number of circuits was necessary; and hence, to divide the State into circuits was one thing to be accomplished by the act. Fixing the time of holding the courts was essential. As the circuit court was to transact the business which had been theretofore done in the common pleas, that court must be abolished as no longer necessary, and the business pending in it transferred to the circuit court. And what more appropriately connected with the subject than to authorize the election of the judges and prosecuting attorneys of the courts for which the act was providing? We hold, then, that the subject of the act is circuit courts, and that the other matters in the act are matters properly connected therewith.

See *The Indiana Central R. W. Co.* v. *Potts, supra ; Bright* v. *McCullough,* 27 Ind. 223 ; *Shoemaker* v. *Smith,* 37 Ind. 122.

The judgment is affirmed, with costs.

BUSKIRK, J., dissents from so much of the foregoing opinion as holds that the legislature is the exclusive judge as to whether a general law could be made applicable under the twenty-third section of article four of our constitution. In his opinion, the decisions of this court in *Gentile* v. *The State* and the subsequent cases adhering thereto, in effect, abrogate such section of the state constitution ; and the true construction of such section was placed thereon by this court in *Thomas* v. *The Board, etc.,* 5 Ind. 4.