# VICKERY *v.* CHASE ET AL.

CONSTITUTIONAL LAW.—*Superior Court of Tippecanoe County.*—The act to establish a superior court in the county of Tippecanoe, defining its jurisdiction, etc., approved March 9th, 1875, is constitutional.

SAME.—The constitution does not prohibit special acts creating courts of inferior jurisdiction.

From the Tippecanoe Circuit Court.

*R. P. Davidson* and *J. C. Davidson,* for appellant.

*J. R. Coffroth, R. C. Gregory,* and *W. B. Gregory,* for appellees.

BUSKIRK, J.—The record in this cause presents for decision the question whether an act approved March 9th, 1875, entitled " an act to establish a superior court in the county of Tippecanoe, defining its jurisdiction, providing for the election and compensation of the judge thereof; to abolish the criminal court of said county, and transferring its business to the circuit court thereof," is constitutional.

It is claimed that the act is local and special, and therefore, in conflict with sections 22 and 23 of article 4 of our constitution. Section 22 prohibits the passage of local or special laws upon certain enumerated subjects. Section 23 provides, that " in all the cases enumerated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

The act in question is not embraced by section 22. The act is both local and special. In *Eitel* v. *The State,* 33 Ind. 201, a special act creating the Jefferson Criminal Circuit Court was held to be constitutional and valid, upon the ground that the constitution did not prohibit special acts creating courts of inferior jurisdiction. Besides, it has been repeatedly held by this court, that " the legislature is the exclusive judge, whether a law on any subject not enumerated in section 22 of article 4 of the constitution can be made general and applicable to the whole State." *The State, ex rel. Pitman,* v. *Tucker,* 46 Ind. 355 ; *Clem* v. *The State,* 33 Ind. 418; *Longworth's Ex'rs* v. *The Common Council, etc.,* 32 Ind. 322; *The State* v. *Boone,* 30 Ind. 225; *Gentile* v. *The State,* 29 Ind. 409.

In the case last cited, *Thomas* v. *The Board, etc.,* 5 Ind. 4, was expressly overruled. The doctrine laid down in the above cases does not meet the approval of the writer of this opinion, but it is too firmly established to be now changed, and is

decisive of the case in judgment, so far as it is affected by section 23 of article 4.

But we all agree that the constitution does not prohibit the legislature from passing special laws creating courts of inferior jurisdiction.

We hold the act in question to be constitutional and valid, and that the court below committed no error.

The judgment is affirmed, with costs.