Wiley v. The Corporation of Bluffton.

No. 5740.

WILEY v. THE CORPORATION OF· BLUFFTON.

MUNICIPAL CORPORATION.—*Special Charter.*—*Amendment.*—*Enlargement of· Jurisdiction.*—Where, prior to November 1, 1851, a municipal corporation was created and organized under a special act, and such act was, continued in force by the Constitution of 1851, the General Assembly has power, by special act, to amend the act of incorporation, so as to· enlarge the jurisdiction of the municipality territorially or otherwise.

SAME.—*Town of Bluffton.*—*Amendment of Charter by Special Act.*—*Constitutional Law.*—The subject of the act of February 15, 1873, to amend certain enumerated sections of the act of February 12, 1851, to incorporate· the town of Bluffton, is not one of the subjects enumerated in section, 22, of article 4, of the Constitution of 1851, prohibiting the General. Assembly from passing special laws, and is a valid and constitutional exercise of legislative power.

SAME.—*Local and General Laws.*—*Question for Legislature.*—It is for the Legislature alone to judge whether a law on any given subject, not enumerated in section 22, of article 4, of the Constitution, can be made· applicable and of uniform operation throughout the State, as required by section 23 of the same article.

From the Wells Circuit Court.

*R. S. Taylor,* for appellant.

*J. S. Dailey, L. Mock, S. Claypool, W. A. Ketcham, A. Iglehart* and *C. L. Wedding,* for appellee.

HOWK, J.—This cause was submitted to the trial court as an " agreed case," upon an agreed statement of facts, made out and signed by the parties, under the provisions of section 553, R. S. 1881. Thereupon, the court found for the appellee, the defendant below. Over appellant's exception to its finding, the trial court adjudged that he take nothing by his suit, and that appellee recover of him its costs in this action expended.

Error is assigned here by appellant, the plaintiff below, upon the finding of the trial court against him upon the agreed statement of facts.

The facts agreed upon by the parties to this suit were substantially as follows :

" 1st. The town of Bluffton was incorporated by a special

act of the Legislature, approved February 12th, 1851, and has never surrendered its special charter, nor organized under the general law.

"2d. This charter was amended by the act of February 15th, 1873, and, since the passage of that act, the corporation of Bluffton has claimed the benefit of its provisions and has been exercising the powers conferred by it. Both said acts are hereby made part of the record, without being formally set out.

"3d. Before the passage of that act, the corporation boundaries of the town of Bluffton were as indicated by the double pencil lines on the map filed herewith and made part of this agreement. By that act, the boundaries of said town were extended so as to include all of section four, except that part lying northeast of the Wabash river, indicated on said map.

"[Here insert diagram of section 4, showing the Wabash river crossing the northeast corner thereof, (2) the town of Bluffton, as incorporated February 12th, 1851, inclosed by double lines, and (3) the residue of the section, brought within the corporation boundaries by the amendatory act of February 15, 1873.]

"4th. Since the passage of that act, the defendant has been exercising corporate jurisdiction over all said territory, and has levied taxes for corporation purposes on all the lands embraced within the same, basing her claim of right so to do upon said acts.

"5th. The lands described in the complaint are and were the property of the plaintiff, as stated in the complaint, and were not included within the corporate limits of the town of Bluffton, prior to the passage of said act of February 15th, 1873, but were added thereto by said act. The taxes mentioned in said complaint were levied on the lands therein described by the defendant, and were paid by the plaintiff under protest, as stated in the complaint. Said lands have never been laid off into lots, streets or alleys, excepting that,

since said taxes were levied, the plaintiff laid off twelve lots, with streets, on the northwest corner of the lands described in the complaint (said plat, including streets, is 499 feet by 283 feet, containing one acre, as shown on said map), but are, and always have been, held and used by the plaintiff in a single body, for farming and agricultural purposes, as stated in the complaint, and contain ninety-six acres.

" 6th. It is claimed by the plaintiff: 1st. That the Legislature can not confer upon the corporation of Bluffton any new or additional jurisdiction or power by special law, and that so much of the act of February 15th, 1873, as assumes to enlarge the jurisdiction of said corporation, in point of territory or otherwise, is void. 2d. That the lands of the plaintiff, not having been laid out into lots, streets, or alleys, or used for municipal or town purposes, are not legally liable to municipal taxation by, or for the benefit of, the defendant, and that the taxes levied on the same by the defendant, and paid by the plaintiff, are illegal.

" 7th. Both these positions are controverted by the defendant.

" If, upon the foregoing facts, the court shall find that the law is with the plaintiff, then judgment shall be rendered for the plaintiff for thirty-five dollars; otherwise judgment shall be for the defendant."

Two questions are presented for our decision by the record of this cause and the error assigned thereon by appellant, the plaintiff below, namely:

1. Where, prior to November 1st, 1851, a municipal corporation was created and organized under a special act of incorporation, and such act was continued in force by and under the *fourth* clause of the schedule or ordinance annexed to, and constituting a part of, our State Constitution of 1851, had or has the General Assembly power or authority, by special act, to amend such act of incorporation, in such manner as to enlarge the jurisdiction, territorially or otherwise, of such municipal corporation?

2. Conceding that the General Assembly has such power or authority, is the act of February 15th, 1873, to amend certain enumerated sections of the act of February 12th, 1851, "to incorporate the town of Bluffton," a valid and constitutional exercise of such power or authority?

We will consider and decide these two questions in the order of their statement.

1. In section 13, of article 11, of our State Constitution of 1851, it is provided as follows: "Corporations, other than banking, shall not be created by special act, but may be formed under general laws." Section 212, R. S. 1881. By this constitutional provision, construed in connection with the other provisions of the Constitution of 1851, it was certainly intended that, on and after November 1st, 1851, the General Assembly, the law-making power of this State, should have no power or authority, by special act, to create, to originate or to bring into existence, as a new corporate entity, a municipal corporation where none had previously existed; but, on and after the day named, the legislative power or authority of the General Assembly was limited, by the constitutional provision quoted, to the enactment of a general law, under which such new corporate entity might be formed. In the schedule annexed to, and constituting a part of, our State Constitution of 1851, "That no inconvenience may arise from the change in the government, it is hereby ordained as follows: * * * *Fourth.* All acts of incorporation for municipal purposes shall continue in force under this Constitution until such time as the General Assembly shall, in its discretion, modify or repeal the same." Section 235, R. S. 1881.

It is not controverted by appellant's counsel, as we understand his briefs of this cause, that the act of February 12th, 1851, entitled "An act to incorporate the town of Bluffton, in Wells county, Indiana," was continued in full force under and by virtue of the provisions of the *fourth* clause of the schedule annexed to and forming a part of our State Con-

stitution of 1851. His learned counsel claims, however,. with much earnestness and ability, that, while such act of incorporation, or special charter of the town of Bluffton, was so continued in force, no power or authority was vested in the General Assembly, by any provision of the State Constitution of 1851, to amend by special act such special charter in such manner as to enlarge, territorially or otherwise, the jurisdiction of the corporate authorities of such town of Bluffton. While, by the terms of such *fourth* clause of the schedule, discretionary power was clearly vested in the General Assembly to "modify or repeal" such act of incorporation, or special charter, of the town of Bluffton, so continued in force, it is forcibly contended by appellant's counsel, with much research and learning, that this power to "modify" did not authorize the General Assembly to amend, by special act, such special charter or act of incorporation, so as to enlarge the jurisdiction, territorially or otherwise, of the corporate authorities of the town of Bluffton.

It is not necessary, however, that we should pursue the arguments of appellant's counsel, or that we should examine and consider at any greater length the first of the two questions heretofore stated in this opinion. During the last twenty years, substantially the same question has been presented here for decision in a number of cases; and it has been uniformly held, that, under the *fourth* clause, above quoted, of the schedule or ordinance which is annexed to, and constitutes an integral part of, our State Constitution of 1851, the General Assembly is expressly authorized, by and under the discretionary power to "modify," to amend an act of incorporation, or special charter, for municipal purposes, continued in force by such *fourth* clause, even where the effect of the amendment would be to enlarge the jurisdiction, territorially or otherwise, of the corporate authorities of the municipality. *Longworth* v. *Common Council of the City of Evansville*, 32 Ind. 322; *City of Evansville* v. *Bayard*, 39

Ind. 450; *Chamberlain* v. *City of Evansville,* 77 Ind. 542; *Eichels* v. *Evansville Street R. W. Co.,* 78 Ind. 261 (41 Am. R. 561); *Warren* v. *City of Evansville,* 106 Ind. 104; *Corporation of Bluffton* v. *Studabaker,* 106 Ind. 129; *City of Evansville* v. *Summers,* 108 Ind. 189.

In the case last cited, after quoting the *fourth* clause of the schedule or ordinance which is annexed to, and forms a part of, our State Constitution of 1851, the court said: "That the special charter, thus granted and retained, may be amended by special or general acts, is not here questioned, and is well settled." Upon these authorities, it must be held, we think, in the case in hand, that, under such *fourth* clause of the schedule annexed to the State Constitution of 1851, the General Assembly had the power or authority to amend the act of incorporation of February 12th, 1851, or special charter of the town of Bluffton, by special act, even where the effect of such amendatory act was to enlarge the jurisdiction, territorially or otherwise, of such municipal corporation. It is certain that such an amendatory act does not fall within any of the cases enumerated in section 22, of article 4, of the State Constitution of 1851 (section 118, R. S. 1881), wherein it is declared that "The General Assembly shall not pass local or special laws." Whether or not the subject of such amendatory act was one where a general law could have been made applicable, "and of uniform operation throughout the State," was a question for the decision of the General Assembly, and not of the courts. Section 119, R. S. 1881. Thus, in *Gentile* v. *State,* 29 Ind. 409, it was held by this court that it is for the Legislature alone to judge whether a law on any given subject, not enumerated in section 22 of article 4, can be made applicable "and of uniform operation throughout the State," as required by section 23 of the same article, of the State Constitution of 1851. Upon this point, the case cited has been approved and followed in a number of our decided cases. *Longworth* v. *Common Council, etc., supra; State, ex rel.,* v. *Tucker,* 46

Ind. 355; *Vickery* v. *Chase,* 50 Ind. 461; *Kelly* v. *State, ex rel.,* 92 Ind. 236; *Johnson* v. *Board, etc.,* 107 Ind. 15.

The subject of the act of February 15th, 1873, amending certain sections of the act of incorporation, or special char-ter, of the town of Bluffton, is not one of the subjects enumerated in section 22, of article 4, of the State Constitution of 1851, wherein the General Assembly were prohibited from passing special laws. By their enactment of such special amendatory act, the General Assembly virtually decided that the subject of such act was one to which a general law, " of uniform operation throughout the State," could not be made applicable; and such decision is final and conclusive.

2. This brings us to the consideration of the second question, hereinbefore stated, namely: Conceding the power or authority of the General Assembly to amend, by special act, the above entitled act of incorporation of February 12th, 1851, or special charter of the town of Bluffton, is the amendatory act of February 15th, 1873, a valid and constitutional exercise of such power or authority? We know of no objections to the validity or constitutionality of such amendatory act, other than those we have already considered, and have found to be insufficient. When it is conceded that the subject of such act is a proper subject of legislation, it is not within the province of the courts to criticise the impolicy or seeming injustice of the provisions of the statute, or to relieve a party aggrieved thereby from the operation thereof. For such grievances the General Assembly alone can furnish adequate relief.

We are of opinion that the court did not err in finding for appellee, the defendant below, upon the agreed statement of facts herein.

The judgment is affirmed, with costs.

Filed May 25, 1887.