Bell *et al. v.* Maish, Treasurer, *et al.*

No. 16,566.

BELL ET AL. *v.* MAISH, TREASURER, ET AL.

COUNTY COMMISSIONERS.—*Jurisdiction.*— *Question of Fact.*—*Collateral Attack.*—*Appeal.*—Where a board of county commissioners, in acting upon a petition, passes upon a question of fact, the decision of the board can not be collaterally attacked, but the remedy is by appeal; and where, upon petition, such board orders an election, such order is a finding by the board that the necessary facts are shown to exist to give the board jurisdiction.

CONSTITUTIONAL LAW.—*Amending Act.*—*Provision Foreign to Title of Original Act.*—Where the title of an original act was: "An act to authorize aid to the construction of railroads," etc., whereas the body of the amendment provides also for aid in the "reconstruction" of railroads, the amended act is not, for that reason, unconstitutional.

SAME.—*Act Local or Special.*— *Voting Aid to Railroads.*—Neither is such act unconstitutional as being special or local, for it applies to all townships voting aid to railroads in the manner and under the conditions prescribed in the act; but the act not coming within section 22, article 4, of the State constitution, the decision of such question is for the Legislature.

Opinion on petition for rehearing by HOWARD, C. J.

From the Clinton Circuit Court.

*J. V. Kent* and *R. W. Irwin,* for appellants.

*S. O. Bayless, C. G. Guenther, J. Claybaugh* and *N. Claybaugh,* for appellees.

HOWARD, C. J.—This was an action brought by appellants against appellees, to enjoin the collection of alleged illegal taxes.

A demurrer to the complaint by the appellee Willard P. Maish, Treasurer of Clinton county, was sustained by the court. This ruling is assigned as error.

The complaint shows that on the 9th day of April, 1889, at a special meeting of the Board of Commissioners of Clinton County, a petition signed by more than twenty-five persons claiming to be freeholders and legal voters of Center township in said county, was presented

to said board of commissioners, asking that said township make an appropriation of fifty-seven thousand dollars to aid the Toledo, St. Louis and Kansas City Railroad Company in the reconstruction of its railroad through said township, under the terms and conditions stated in the complaint. That thereupon such proceedings were had by the board that an election was held in said township, resulting in favor of making such appropriation, and that the same was placed upon the tax duplicate for collection by the treasurer.

Those proceedings were had under provisions of section 1086, Elliott's Supp., being an amendment of section 4045, R. S. 1881, and under succeeding sections of the revised statutes relating to the voting of aid to railroads by townships, being sections 5340 to 5376, R. S. 1894.

Appellants contend that those proceedings were void for two reasons:

1. That the statutes above referred to do not authorize the proceedings.

2. That the amendment to section 4045, R. S. 1881, being section 1086, Elliott's Supp., is unconstitutional.

It is first argued that in all the sections of the statute referred to, except the amended section, provision is made only for aiding in the construction of railroads, and not for the reconstruction of any railroad. This seems a refinement of criticism. A reconstruction is a construction over again. All the sections of the statute relating to the voting of aid to railroads must be construed together, and so construing them we must understand that the Legislature, in amending section 4045, by providing for aid in reconstructing railroads, in addition to aid in constructing them, intended that all the subsequent proceedings before the board provided for in the sections following should apply to reconstruction as well

as to construction; otherwise the amendment made would be a vain thing.

Section 4281, R. S. 1881, provides that the township trustee may, in certain cases, apply for drainage for highways by petition, as in case of land-owners. While this section was in force, the Legislature enacted a statute by which the control of highways was placed in the hands of road superintendents, and it was held in the case of *Jones, Trustee,* v. *Dunn,* 90 Ind. 78, that under the statute providing that the trustee might file a petition for drainage of the highway, the superintendent of roads, and not the township trustee, was the proper person to apply for the drainage. The words of a statute, when it is possible to do so, will be interpreted so as to harmonize with the acts of the Legislature subsequently passed.

It is, besides, to be remembered that this is not an appeal, but a collateral attack upon the action of the board. It has been held that when, in such a case as this, the county board orders an election, such order is a finding by the board that the necessary facts are shown to exist to give the board jurisdiction. *Brocaw* v. *Board, etc.,* 73 Ind. 543; *Goddard* v. *Stockman,* 74 Ind. 400.

And whenever the board, in acting upon a petition, passes upon questions of fact, the decision of the board can not be collaterally attacked, but the remedy is by appeal. *Faris, Treas.,* v. *Reynolds,* 70 Ind. 359; *Board, etc.,* v. *Hall,* 70 Ind. 469; *Hilton* v. *Mason,* 92 Ind. 157; *Hill* v. *Probst,* 120 Ind. 528.

Whatever question there might be, therefore, as to facts giving jurisdiction to the board under the statutes referred to, has been passed upon by the board in assuming jurisdiction, and no appeal having been taken from that decision, such question is no longer open for consideration.

It is next insisted that the amendment to section 4045, R. S. 1881, being section 1086, Elliott's Supp., Acts 1889, p. 82, is in conflict with section 19 of Article 4 of the Constitution, which provides that "every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

The title of the amendatory act names the section of the revised statutes, and also the section of the original act to be amended, sets out in full the title of the original act and states the date of the approval of that act. The title of the original act shows it to have been "An act to authorize aid to the construction of railroads," etc., whereas the body of the amendment provides, also, for aid in the reconstruction of railroads. From what we have already said of appellants' criticism distinguishing "construction" from "reconstruction," we think it evident that the title of the amended act is sufficient. Reconstruction is but a form of construction, a construction again of what had first been constructed. In addition, it is very clear that reconstruction is a "matter properly connected" with construction. Besides these considerations, we think that a title stating that an act is an act to amend a given section of another act sufficiently advertises the purposes of the amendatory act, which is the chief object of the constitutional provision. A further specification of the purpose of the amendment would but add confusion to an already cumbrous title. We do not say that a matter might not be embodied in an amended act so foreign to the original subject that there would be a clear violation of the letter and spirit

of the constitutional provision as to title; but such is not the case here. Construction and reconstruction of railroads, and the voting of aid to either, are matters closely and intimately connected, if, indeed, as we have intimated, they are not, in effect, but different forms of the same thing. See *Barner* v. *Bayless*, 134 Ind. 600.

Neither is the act unconstitutional as being special or local. The law applies to all townships voting aid to railroads, in the manner and under the conditions prescribed in the act, and so operates alike upon all persons under the same circumstances. This is sufficient. *Gilson* v. *Board*, etc., 128 Ind. 65.

The proceedings seem to have been all regular, and in pursuance of the provisions of the statute.

The judgment is affirmed.

Filed Feb. 2, 1894.

## ON PETITION FOR A REHEARING.

HOWARD, C. J.—Counsel for appellants, in their petition and brief for a rehearing of this case, contend that the court erred in holding that the act amendatory of section 4045, R. S. 1881 (Acts 1889, p. 82), is not unconstitutional, as being special, and in holding that such amendatory act operates alike upon all persons under the same circumstances.

Notwithstanding the effort of counsel to distinguish this case from that of *Gilson* v. *Board*, etc., 128 Ind. 65, we are still of the opinion that the ruling in that case controls this decision.

"In that act," as counsel say, "whatever privileges are given to one township in which a toll road is located are likewise given, upon the same terms and conditions, to all other townships in which toll roads are located."

May we not say that in this act whatever privileges are

given to one township in which aid has been voted to railroads, are likewise given, upon the same terms and conditions, to all other townships in which aid has been voted to railroads?

We confess that we are unable to see a distinction. The classification is complete; the very fact that townships have heretofore granted aid to railroads, sets them apart as a distinct class interested in the completion of such railroads. The Legislature has merely recognized, not made, the classification, and has authorized such townships, if it should be all the townships of the State, to go on and complete the work which they have already begun.

Neither the purchase of toll roads nor the voting of aid in the reconstruction of railroads, is one of the cases enumerated in section 22 of article 4 of the constitution, forbidding local or special laws; and it is left to the judgment of the Legislature, under section 23 of that article, to say what laws in other cases are general. The two acts in question, the Legislature has judged to be general. Even, however, if the Legislature should be of opinion that this was a case where a general law could not be made applicable, and that nevertheless a law covering the case ought to be enacted, still the law would not be unconstitutional; for it is the Legislature itself that in such a case determines whether a general law may be made applicable or not. *Gentile* v. *State*, 29 Ind. 409; *Wiley* v. *Corporation of Bluffton*, 111 Ind. 152; *State, ex rel.,* v. *Kolsem*, 130 Ind. 434.

In the case before us, we are of opinion that the law is general, and not local or special; but the decision of that question was for the Legislature.

The authorities cited from other jurisdictions are not in point. We must be guided by the provisions of our

own constitution; and such laws as this in question have always been held constitutional by this court.

The petition for a rehearing is overruled.

