Young v. The Board of Commissioners of Tipton County et al.

Filed March 27, 1894.

◆

No. 17,239.

YOUNG v. THE BOARD OF COMMISSIONERS OF TIPTON COUNTY ET AL.

CONSTITUTIONAL LAW.—*Tax Levy.*—*Court House.*—*Bonds.*—*Act of March 3d, 1893.*—The act of March the 3d, 1893, authorizing counties that have contracted for the construction of court houses, previous to January 1st, 1893 (the ordinary revenues and the amount authorized to be assessed being insufficient for the completion of the same), to issue and sell bonds to an amount not to exceed two per centum on the assessed valuation of the taxable property of such counties for such purpose, does not come within the inhibition of the constitution forbidding that laws, in certain instances, be local and special.

From the Tipton Circuit Court.

*A. C. Ayres* and *A. Q. Jones,* for appellant.

*G. H. Gifford* and *C. H. Gifford,* for appellees.

HACKNEY, J.—The questions in this case arise upon

the act of March 3, 1893, Acts 1893, p. 194, which is as follows:

"Whereas, The contract of court houses was commenced and entered upon before the first day of January, 1893, by the board of commissioners of certain counties in the State of Indiana, and the ordinary revenues, together with one per centum on the assessed valuation of the taxable property in such counties, are insufficient for the completion of the same; therefore,

"Section 1. *Be it enacted by the General Assembly of the State of Indiana,* That in counties where such contracts for such construction of such court houses were entered into before the first day of January, 1893, the board of commissioners of such counties be, and they are, hereby authorized and empowered to issue and sell bonds to an amount not to exceed two per centum on the assessed valuation of the taxable property of such counties for such purpose; and such bonds, when so issued, negotiated and sold, are hereby declared to be valid and binding on such counties so issuing the same: *Provided, however,* That nothing in this act shall be construed so as to authorize such commissioners to issue and sell such bonds in excess of the constitutional limit, as fixed by article 13 of the constitution of the State of Indiana."

Section two declares an emergency.

The appellant sought to enjoin the issuance and sale of bonds under the authority of this act, and the lower court sustained a demurrer to his complaint.

It is insisted, for the appellant, that the act is unconstitutional as in violation of the inhibition of section 22, article 4, of the constitution of this State, against the passage, in certain enumerated cases, of local and special laws.

This section enumerates seventeen distinct cases in which local and special laws shall not be passed, but

which of these cases includes the subject-matter of the act in question, counsel have not indicated, and we have not been able to learn.

As supporting the appellant's contention, counsel cite the case of *Thomas* v. *Board, etc.,* 5 Ind. 4, but that case involved not only a consideration of section 22, but also section 23 of said article 4 of the constitution, which provides that in each of the cases enumerated in section 22, the laws shall "be general, and of uniform operation throughout the State."

It is perfectly clear that section 23, so far as it relates to the inhibition of section 22, can have no application to the case before us, since the act of 1893 does not fall within any of its enumerated cases. However, section 23 provides, also, that "all laws shall be general, and of uniform operation throughout the State," "where a general law can be made applicable," and if counsel intended, by the citation of *Thomas* v. *Board, etc., supra,* to insist that the act before us violates this provision of the constitution we have but to suggest that the case, with reference to this provision, lost its force as early as *Gentile* v. *State,* 29 Ind. 409.

At that time it was held, and has since been followed, that the Legislature alone could judge whether a general law could "be made applicable." *Wiley* v. *Corporation of Bluffton,* 111 Ind. 152; *State, ex rel.,* v. *Kolsem,* 130 Ind. 434; *Bell* v. *Maish,* 137 Ind. 226.

If special laws, not falling within the cases expressly inhibited, may be enacted, and if it is properly a question of legislative judgment as to whether "a general law can be made applicable," there can be no valid objection to the act under consideration, even if local and special. We do not decide that this law is not "general, and of uniform operation throughout the State," but it has been held that laws, operating alike in all parts of

the State, under the same circumstances and conditions, comply with the requirement of section 23, *supra; Consumers', etc., Co.* v. *Harless,* 131 Ind. 446; *Groesch* v. *State,* 42 Ind. 547.

It is suggested that the act does not provide for the levy and collection of taxes for the payment of the bonds authorized to issue. No reason is suggested, and no authority cited to the point that the general laws for the levying and collecting of taxes to meet such bonds are inadequate, or that there should be special legislation for any such purpose.

We find no error in the record, and the judgment of the circuit court is affirmed.

