Woods *v.* McCay, Treasurer.

No. 17,671.

WOODS *v.* McCay, TREASURER.

SUPERIOR COURT.—*Circuit of Three Counties.—Place of Holding Court.*—A statute creating a superior court for three designated counties, and providing that it shall hold its sessions for each county in the town or city other than the county seat containing 4,000 or

more inhabitants, taken according to the census for a given year, and that if either county should not have such a town or city, the court should be held at the county seat, is not invalid on the ground that it leaves the place of holding the court undetermined, where two of such counties have each one such city and the third county has none.

SAME.—*Jurisdiction.—Statute, Constitutionality.*—The creation of a court for three designated counties, having concurrent jurisdiction, in certain cases, with the circuit court of such counties, does not violate the State Const., article 7, section 1, as amended March 14, 1881, vesting the judicial power of the State in a Supreme Court, circuit courts, and "such other courts" as the general assembly may establish.

COURTS.—*Place of Holding Court.—Constitutional Law.*—A statute creating a court for three designated counties, in two of which the sessions are held in different places from those in which the circuit court is held, is not invalid merely because of the inconvenience of having two courts in a county holding their sessions at different places in the absence of any constitutional prohibition in that respect.

SAME.—*Place of Holding Court.—Away from County Seat.*—An act requiring a court created thereby for three designated counties, to be held away from the county seat, is not void merely because a law, as previously interpreted, requires the courts to be held at the county seats.

SAME.—*Constitutional Law.— County Business.— Local Law.*—A statute creating a court for three designated counties is not an act regulating county or township business, within the State Const., article 4, section 22, prohibiting the passage of any special or local act on such matters.

SAME.—*Concurrent Jurisdiction.— Local Legislation.— Separate Courts.—Constitutional Law.*—A statute creating a court for three designated counties, and giving it concurrent jurisdiction with the circuit court in specified civil offenses and over misdemeanors, and providing for separate jury commissioners and for changes of venue applicable to such court alone, is not a law providing for the punishment of crimes and misdemeanors, or for changing the venue in civil cases, within the State Const., article 4, section 22, prohibiting the passage of any local act on such subjects.

From the Lake Circuit Court.

*W. C. McMahan,* for appellant.

*W. Johnston* and *W. B. Reading,* for appellee.

McCABE, J.—The appellant, a tax-payer, sued the

appellee, as treasurer of Lake county, to enjoin him from paying certain bills incurred by the order of the superior court of Lake county. The circuit court sustained a demurrer to the complaint for want of sufficient facts, and judgment for appellee was rendered upon the demurrer.

This ruling is assigned here as the only error complained of. The reason urged in support of the alleged error assigned is that the act of the legislature creating said court is unconstitutional and void. Acts 1895, p. 210.

The most of the arguments, however, adduced against this act are such only as should have been addressed to the legislature before it passed. The court is to consist of a single judge, and is created for the three counties of Lake, Porter and La Porte, and is given original concurrent jurisdiction with the circuit court in each county in all civil actions, except where the title to real estate shall be involved and in the probate of wills, settlement of decedents' estates and guardianships, which are left in the circuit court; and also it is given concurrent jurisdiction with the circuit court in misdemeanors.

Much is said in appellant's brief about the inconvenience in having two courts in each of the counties of Lake and La Porte holding their sessions in different places, the circuit court at the county seat and the superior court in Lake at Hammond and in La Porte at Michigan City. If the legislature failed to heed this argument, while the bill for the act was pending before it, the only remedy is to elect a better legislature next time. But it may be that the argument furnished by the inconvenience to the inhabitants of a city of 10,000 being compelled to travel fifteen or twenty miles to attend to every matter of business in court, both great and small, was deemed

by the legislature sufficient to outweigh the other matter of inconvenience mentioned.    Be that as it may, we cannot revise their judgment unless the act is in conflict with some provision of the constitution.

It is urged that as the law required the courts to be held at the county seat, this act requiring the superior court in Lake and La Porte counties to be held away from the county seat is void, and counsel cite in support thereof *Board, etc.*, v. *Gwin*, 136 Ind. 562 (22 L. R. A. 402).

That case holds that though there was no statute in existence expressly requiring the circuit courts to be held at the county seats, yet that long continued usage in holding such courts at the county seats exclusively was a practical construction of existing statutes on the subject and was equal to positive law that such courts should and could only be lawfully convened at the county seat of the respective counties. There was no intimation in that case that any constitutional provision had been so construed, but on the contrary, it was expressly held that the constitution made no such requirement and it was not therein held that any constitutional provision had been so practically construed or was capable of such construction.

The law thus held in that case requiring circuit courts to be held at the county seats, was nothing more than a construction of a series of legislative acts.    Such laws are subject to repeal or modification by a subsequent legislature.

It is next urged that the act is unconstitutional because it is special and local in violation of section 22, of Article 4, of the State constitution:    Because, as is claimed, it is a law which provides for the punishment of crimes and misdemeanors, for changing the venue in civil cases, and for regulating county and township business.

The section of the constitution referred to does prohibit local or special laws upon these subjects.

That the act in question is not an act providing for the punishment of crimes and misdemeanors, because concurrent jurisdiction with the circuit court over misdemeanors is conferred, is established by many decisions of this court. *Coombs* v. *State*, 26 Ind. 98; *Anderson* v. *State*, 28 Ind. 22 ; *Clem* v. *State*, 33 Ind. 418; *Guetig* v. *State*, 66 Ind. 94 (109); *Eitel* v. *State*, 33 Ind. 201; *Weis* v. *State*, 33 Ind. 204; *Ex parte Wiley*, 39 Ind. 546 ; *Cropsey* v. *Henderson, Aud.*, 63 Ind. 268, and perhaps other cases.

The provisions in the act as to practice simply make the rules of practice applicable that apply to all other courts except in those incidental matters peculiar to that court alone; that is, it provides for separate jury commissioners for that court and for changes of venue applicable alone to that court.

But such incidental matters were held not to infringe the provisions of the constitution as to regulating practice in courts of justice in the cases last referred to, and that was also held in *Vickery* v. *Chase*, 50 Ind. 461.

That it is not an act regulating county or township business is established by the recent case of *Mode* v. *Beasley*, 143 Ind. 306, and authorities there cited.

Another constitutional objection urged by appellant is that the act leaves it undetermined and uncertain as to the particular place where the court is to be held. That, however, is not shown to be a violation of any provision of the constitution. But if it were, the objection is not well founded. The provision is that : "The superior court shall hold its sessions for each respective county in the town or city other than

the county seat for each respective county containing four thousand or more inhabitants according to the return of the census taken under and by authority of the United States in the year 1890." There is a proviso if either county should not have such a town or city the court is to be held at the county seat of such county.

This court and other courts take judicial cognizance that Lake and La Porte counties are the only ones in the district that have a city or town outside of the county seat with such a population, and that those cities are Hammond, in Lake county, and Michigan City, in La Porte county.  The act locates the place for holding the court in Lake county at the city of Hammond as much as if it had been named in the act, and at Michigan City, in La Porte county, as if it had been named in the act as the place for holding the court.  *Mode* v. *Beasley, supra; Praigg* v. *Western Paving, etc., Co.,* 143 Ind. 358.

In Iowa, under a constitutional provision exactly like ours, a law was upheld providing for holding the circuit court outside of the county seat a part of the time.  *Cooper, Admr.,* v. *Mills Co.,* 69 Ia. 350, 356.  The same is true in Missouri and Michigan, 1 R. S. Mo. 1889, section 3386, p. 833; *Whallon* v. *Circuit Judge for Ingham County,* 51 Mich. 503.

Much has been said in argument that the legislature could not create another court, which, it is claimed, is in effect another circuit court in the same territory which is occupied by one circuit court already.

This court felt some embarrassment in *Clem* v. *State, supra,* on that question because the act in question there created another circuit court called a crim-

inal circuit court to occupy the same territory occupied already by a circuit court. But this court got over the difficulty by holding that the name given was not important if the criminal circuit court was inferior to the circuit court already in existence, and held that it was so inferior. This seemed to be required by the constitution as it then was. It then provided that: "The judicial power of the State shall be vested in a Supreme Court, in circuit courts, and in such inferior courts as the general assembly may establish." R. S. 1876, p. 36, section 1, article 7, Constitution.

But all embarrassment was taken away by the amendment to that section of March 14, 1881, R. S. 1894, section 161 (R. S. 1881, section 161.) The amendment was such as to make the last clause read: "and in such other courts as the general assembly may establish." Such courts need not now be made inferior to the circuit court, and the amendment was doubtless made to meet the growing wants of the State.

But we do not mean to say that the court created by the act was not inferior to the circuit court, but only mean to say that if it were not inferior there would still be no constitutional objection to the act on that account. Though the act is strictly local and special, yet as it is not on a subject embraced in any of the subjects enumerated in section 22 of article 4 of the constitution, and as section 23 of that article left it to the exclusive determination of the legislature whether a general law on any other subject could be made applicable—the determination of that question by the legislature in enacting the law is final and conclusive upon the courts. *Coombs* v. *State, supra; Anderson* v. *State, supra; Clem* v. *State, supra; Guetig* v. *State, supra; Eitel* v. *State, supra; Weis* v. *State,*

*supra; Ex parte Wiley, supra; Cropsey* v. *Henderson, supra; Gentile* v. *State,* 29 Ind. 409; *Wiley* v. *Corp. of Bluffton,* 111 Ind. 152; *Vickery* v. *Chase, supra; State, ex rel.,* v. *Tucker,* 46 Ind. 355; *Kelly, Treas.,* v. *State, ex rel.,* 92 Ind. 236; *Johnson* v. *Board, etc.,* 107 Ind. 15; *City of Evansville* v. *State, ex rel.,* 118 Ind. 426 (4 L. R. A. 93); *State, ex rel.,* v. *Kolsem,* 130 Ind. 434; *Bell* v. *Maish, Treas.,* 137 Ind. 226; *Mode* v. *Beasley, supra; Young* v. *Board, etc.,* 137 Ind. 323, and authorities there cited.

It follows from what we have said that the act in question is not unconstitutional, and therefore the circuit court did not err in sustaining the demurrer to the complaint.

The judgment is affirmed.

Filed March 24, 1895.