DOUGLASS *against* The COMMONWEALTH.

IN ERROR.

To elevate and enlarge a wooden building, so as materially to alter its character, is an offence within the meaning of the ordinance of the 6th of *June*, 1796, "to prevent the erection of wooden buildings within certain limits of the city of *Philadelphia*."

In an indictment under this ordinance, it is not necessary to aver, that the building was erected on a lot or piece of ground.

An indictment containing two counts, one charging the defendant with the erection of a wooden *shop*, the other with the erection of a *warehouse*, does not set forth distinct offences, punishable in different modes.

If the erection be by the tenant, an indictment will lie against him, and need not be against the owner of the building.

ERROR to the Mayor's Court of the city of *Philadelphia*.

On the return of a writ of error to the Mayor's Court of the city of *Philadelphia*, it appeared, that *William Douglass*, the defendant below, was indicted in that court for an alleged violation of the ordinance of the 6th of *June*, 1796, "to prevent the erection of wooden buildings within certain limits of the city of *Philadelphia*, by which it is enacted as follows:—

"*Section* 1. From and after the passing of this ordinance, no wooden mansion-house, shop, ware-house, store, carriage-house or stable, shall be erected or built within that part of the city of *Philadelphia*, which is comprised within the limits herein after mentioned, that is to say, from the river *Delaware* to the east side of *Sixth* street, in those parts of the city included between the south side of *Vine* street and the north side of *Sassafras*, or *Race* street, and between the south side of *Walnut* street and the north side of *South*, or *Cedar* street, and from the river *Delaware* to the east side of *Tenth* street, in that part of the city included between the south side of *Race*, or *Sassafras* street and the north side of *Walnut* street.

"*Section* 2. If, after the passing of this ordinance, any person or persons, shall erect and build, or cause to be built, any wooden mansion-house, store, carriage-house or stable, upon any lot or piece of ground, within those parts of the city herein before specified, and shall be duly convicted thereof, upon indictment found against him, her or them, in the Mayor's Court of the city of *Philadelphia*, every such person or persons, so offending and convicted, shall forfeit and be sentenced and adjudged to pay a fine of five hundred dollars."

The indictment contained two counts, the *first* of which charged, that the defendant did make, build, and erect, and cause, and procure to be made, built and erected, a certain wooden shop, between *Pine* and *Spruce* streets, and *Delaware Fourth* and *Fifth* streets,

(Douglass *v.* The Commonwealth.)

and within that part of the said city which lies to the eastward of *Sixth* street from the river *Delaware*, between the south side of *Walnut* street and the north side of *South*, or *Cedar* street.

The *second* count charged, that the defendant did make, build, and erect, and cause, and procure to be made, built, and erected, a certain ware-house, between *Pine* and *Spruce* streets, &c.

The jury returned a special verdict in these words, viz.—

"The jury find, that since the passing of the ordinance of the mayor, aldermen and citizens of *Philadelphia*, entitled, 'An ordinance, &c.,' passed the 6th of *June*, 1796, the defendant became the tenant and occupant of a frame tenement, situate within the limits prescribed by the said ordinance: That at the time of his so becoming the tenant of the said building, the same was a wooden building, but that it has, within a short period, been materially altered and enlarged by the defendant, by adding to the height thereof, four feet on the west and ten feet on the east, and making the lower story nine inches further to the southward, and by such other alterations and additions, the same has been converted from a blacksmith's shop into a cabinetmaker's ware-house and shop. The jury further find, that by the alterations and additions aforesaid, the danger from fire is increased. The jury further find, that the building was not originally erected by the defendant, but that he, *as tenant of the same*, made the alterations and additions aforesaid. But whether by the same, which the jury find to be *material and extensive*, the defendant erected and built a wooden building, within the true intent and meaning of the said ordinance, the jurors submit to the determination of the court. If the court should be of opinion, on the facts stated, that the same is a building, &c., the jury find the defendant guilty; if not, not guilty."

On this verdict judgment was rendered for the commonwealth.

*Troubat*, for the plaintiff in error, cited, *Dagget* v. *The State of Connecticut*, 4 *Conn. Rep.* 60. *Booth* v. *The State of Connecticut, ib.* 65. *Tuttle* v. *The State of Connecticut, ib.* 68. 1 *Bl. Comm.* 88. *Updegraff.* v. *The Commonwealth*, 6 *Serg. & Rawle*, 5.

*Kane, contra*, referred to *Johns. Dict.*, *Erection.*

The opinion of the court was delivered by

SMITH, J.—On the 6th of *June*, 1796, the mayor, aldermen, and citizens of *Philadelphia*, passed an ordinance to prevent the erection of wooden buildings within certain limits of the city of *Philadelphia*. *William Douglass* became the tenant and occupant of a certain frame building within the limits, and at the *June* sessions, 1826, was indicted in the Mayor's Court of this city, for erecting and causing to be erected, 1. A wooden shop. 2. A wooden warehouse; contrary to the provisions of that ordinance. On the trial, the jury found and returned a special verdict, upon which the court

(Douglass *v.* The Commonwealth.)

rendered judgment against the defendant.    He has thought proper to bring the proceedings for revision into this court, and has assigned for error, that the special verdict does not set forth any offence within the meaning of the law or ordinance, alleged to have been violated: That each count of the indictment contains and sets forth two distinct offences, punishable in different modes, and under different sections of the ordinance: That, in the indictment it is not averred, that the erection was on a lot or piece of ground; and lastly, that the indictment should have been preferred against the owner of the house, and not against his tenant.

The special verdict states distinctly, that *after* the enactment of the ordinance, the defendant occupied a wooden building, (then a legal one,) which, shortly before he was indicted, he materially altered and enlarged, adding to its height on its west side four feet, and on its east ten feet, and extending its lower story nine inches further to the south, converting it thereby from a blacksmith's shop into a cabinetmaker's ware-house and shop.    The ordinance enacts, that no wooden shop, ware-house, &c. shall be erected or built within certain stated limits of this city.    The meaning of this prohibition cannot be mistaken.,    And the question is, did the defendant erect such a wooden building as is prohibited by this ordinance, when he erected or altered, enlarged and added to the blacksmith's shop, what the jury have found, and as they have found it?    It is contended, that he did not, as he only altered and enlarged the old frame building; in short, that all he did was to repair it, that the ordinance never was intended to destroy wooden houses then existing, but merely to prevent their increase.    But I cannot view the material, important and extensive alterations and additions in question, in the light of mere *repairs*.    To repair a building is to replace it as it was, or to restore it after an injury or dilapidation, not to enlarge or elevate it, by raising it from one to two, or more stories, or extending its sides.    When by his alterations and additions, the defendant converted the blacksmith's shop into a cabinet-maker's ware-house and shop, as set forth in the verdict, I would say, as the court below did, that he erected, or built a wooden building, within the clear intent and meaning of the ordinance in question, the main object of which was to diminish the danger of fires in a populous city.

Another objection, not more plausible than the one we have been considering, is the second error assigned.    It is said, that it is not averred in the indictment, that the erection of the building was on a lot or piece of ground, although this is necessary to constitute the offence.    But if the building mentioned, was not erected or built on a lot or piece of ground, on what was it placed, or on what does it stand?    It is idle to answer on the blacksmith's shop, for *that is* no longer existing, but has been enlarged, altered and converted, in the words of the special verdict, into a cabinet ware-house and shop, and forms within the purview of the ordinance, a new wooden

(Douglass *v.* The Commonwealth.)

building, erected on a lot or piece of ground, within the limits of this city. If the construction of the defendant were true, and this ordinance were only prohibitory of new frame buildings, erected on vacant lots or pieces of ground, the consequence would be, that on frame buildings of every kind, used heretofore for any purpose, and however small in their dimensions, or decayed and dilapidated, might be raised one or two stories, or more, extending the front or depth of the original structure without limitation; so that, although a new wooden building of the smallest size, erected on a vacant lot, would be indisputably illegal, yet the most spacious wooden building, ware-house, or factory, built upon an old ruined shed, would be conformable to the provisions of an ordinance, the professed object of which is to prevent, as much as possible, the occurrence of conflagrations, by prohibiting the future erection of edifices of wood. Such a construction is a perversion of the plain intent of the ordinance. We are accordingly of opinion, that the averment alleged to be essential, is not necessary.

I do not perceive, that two distinct offences, punishable in different modes, and under different sections of the ordinance are set forth in the indictment. Indeed, this error, as well as the fourth and last, was not pressed on the argument.

The indictment will lie against the tenant, for he, and not the owner of the house or lot, erected the building complained of. The words of the ordinance are, "If any person or persons shall erect and build," &c. Here it is found, that the tenant, the defendant, did erect and build. In this particular, there is no error. We, therefore, are of opinion that the judgment of the Mayor's Court should be affirmed.

Judgment affirmed.