No. 9567.

## CLARK ET AL. *v.* THE CITY OF SOUTH BEND.

CITY.—*Powers.*—*Fire Ordinance.*—An ordinance prohibiting the keeping, on any one block, at one time, of more than five tons of straw, unless protected by a fire-proof enclosure, is authorized by the statute concerning cities. R. S. 1881, sections 3106, 3155, 3198, 3199.

From the St. Joseph Circuit Court.

*W. G. George* and *L. Hubbard,* for appellants.

ELLIOTT, J.—The controlling question in this case is whether the common council of a city incorporated under the general law has power to adopt an ordinance containing the provision, "That no person shall keep, within the territorial limits of said city, on one block at one time, a quantity of straw exceeding five tons, unless the same be enclosed within a fire-proof enclosure."

The appellants contend that the municipality had no power to adopt and enforce this ordinance, because the power to prevent the accumulation of combustible materials is not expressly conferred. This is a more narrow view of the subject than the books warrant counsel in assuming. A municipal corporation has such powers as are expressly granted, and also such implied or incidental ones as are necessary to carry into effect the express powers and effectuate the object of the corporate existence. It was long ago declared that the power to prevent danger from fire is an incidental one, belonging to all municipal corporations. A quaint statement of the rule

Clark *et al.* v. The City of South Bend.

is that found in Bacon's Abridgment; it reads thus : "So if a by-law be made in London, that none shall make a hot-press, nor use it within the city, under the penalty of £10, for the making thereof, and £5 for the use thereof, this is a good by-law ; because the use of those presses is dangerous with regard to fire, and also deceitful, inasmuch as they make cloths and stuff look better to the eye than in truth they are." 2 Abridg. 147. Judge Dillon declares that the power to prevent fires is among the incidental ones of a municipal corporation, and is in its nature a police power necessary for the proper administration of the municipal government. 1 Dillon Municipal Corp. (3d ed.), sections 141 and 143.

It is said by counsel that the statute enumerates certain powers, and that this specific grant excludes all other powers except those enumerated. We do not understand the rule to be as stated by counsel. Judge Dillon says : "The true rule in such cases may, perhaps, be correctly expressed to be, that the enumeration of special cases does not, unless the intent be apparent, exclude the implied power any further than necessarily results from the nature of the special provisions." 1 Dill. Munic. Corp. (3d ed.), sec. 316, *n.* This statement of the law agrees with the view of this court declared in *City of Indianapolis* v. *Indianapolis, etc., Co.*, 66 Ind. 396. There are other provisions concerning the power of the municipal authorities to prevent and subdue fires, than those enumerated in section 53 of the general act, and, taking them all into consideration, there can be no doubt that the Legislature meant to confer broad powers upon the municipalities in the matter of providing against danger from fires. R. S. 1881, sections 3198, 3199.

We have a provision in our general act which corresponds to what the courts and writers call the general welfare clause ; that provision is as follows : "The common council shall have power to make other by-laws and ordinances not inconsistent with the laws of this State, and necessary to carry out the objects of the corporation." R. S. 1881, sec. 3155. It has been

often held, that, under the general welfare clause, corporations may regulate the storage and transportation of gunpowder; the manner of constructing buildings; the places where wooden buildings may be built; the manner in which ashes shall be stored and disposed of; and that they may prohibit the storing of inflammable oils in insecure structures. *Williams* v. *City Council,* etc., 4 Ga. 509; *Frederick* v. *City Council, etc.,* 5 Ga. 561; *City Council, etc.,* v. *Elford,* 1 McMullen (S. C.), 234; *Brady* v. *Northwestern, etc., Co.,* 11 Mich. 425; *Douglass* v. *Commonwealth,* 2 Rawle, 262; *Wadleigh* v. *Gilman,* 12 Maine, 403 (28 Am. Dec. 188); *Vanderbilt* v. *Adams,* 7 Cowen, 349; *Mayor, etc.,* v. *Hoffman,* 29 La. An. 651 (29 Am. R. 345); 1 Dill. Mun. Corp. (3d ed), section 143.

The collection in great quantities, in this case of one hundred tons, of a material so easily ignited as straw, is an act which the municipal authorities may, as a matter of general welfare, legislate against; and, certainly, it is not going beyond their powers to require that the material shall be kept within a fire-proof enclosure. We are not deciding that such material in any quantity may not be brought within the limits of a city, but we do decide that the municipal authorities may make reasonable provision for its storage while within the corporate boundaries, and that requiring it to be kept in a proper enclosure, is not an unreasonable exercise of the power to legislate for the general welfare of the municipality.

The ordinance is not an unreasonable one. The collection in one heap of five tons of inflammable material, and leaving it without protection, and exposed to the danger of ignition from the acts of careless or malicious passers-by, is an evil which the municipal authorities are justified in taking measures to suppress and prevent, and an ordinance, enacted for the purpose of compelling a man who gathers such a quantity of material together to properly protect it, can not justly be characterized as unreasonable.

The ordinance is not in derogation of common right. A man has no right to collect on his own premises and leave un-

protected a great quantity of combustible material. If one man may collect great quantities of inflammable material and leave it unguarded, so may another, and another, and thus an entire city be placed in peril. The truth is, there is no such thing as a common right to do, on a man's own premises or elsewhere, an act which puts in jeopardy all surrounding property.

Judgment affirmed.