## Hargis *v.* Board of Commissioners of the County of Perry.

[No. 20,469.   Filed April 6, 1905.   Rehearing denied June 22, 1905.]

1. Statutes.—*Title.—Construction.*—The title of an act will be construed, if possible, to sustain the act and effectuate the intention of the legislature, even though the most common meaning of the words used can not be given them.   p. 195.

2. Same.—*Title.—"Officers."*—The title of the act of 1903 (Acts 1903, p. 140), providing for the payment of salaries from and after January 1, 1900, to certain "officers," is broad enough to cover the provisions in the purview of such act, providing for the payment of such salaries "to the present officers" and "to those whose term of office has expired."   p. 196.

3. Constitutional Law. — *Statutes.—Title.—Limitations.*—The title of the act of 1903 (Acts 1903, p. 140), providing for the payment of salaries to certain officers and "limiting the time of payment * * * to January 1, 1900," limits the operation of said act to such period.   p. 196.

4. Pleading.—*Complaint.—Partial Relief.*—A complaint, sufficient as to any part of the relief sought, is good as against a demurrer for want of facts.   p. 197.

From Perry Circuit Court; *C. W. Cook,* Judge.

Action by James A. Hargis against the Board of Commissioners of the County of Perry.   From a judgment for defendant, plaintiff appeals.   *Reversed.*

*John W. Ewing* and *Sol. H. Esarey,* for appellant.

*Oscar C. Minor, John T. Patrick* and *Philip Zoercher,* for appellee.

MONKS, J.—Appellant was elected clerk of the Perry Circuit Court, and entered upon the discharge of his duties as said clerk March 11, 1896, and served as such clerk for the term of four years from that date; that is to March 11, 1900. The fees earned by him as such clerk, and taxed and collected, and paid into the county treasury, were not sufficient to pay his salary for said term, and this action was brought to recover the unpaid part of said salary under section one of the act of 1903 (Acts 1903, p. 140). A demurrer for want of facts was sustained to the complaint, and, appellant refusing to plead further, judgment was rendered against him on demurrer. The ruling of the court in sustaining the demurrer to the complaint is assigned for error.

It is first claimed that the word "officers" used in the title of the act of 1903, *supra,* is not broad enough to include a person whose term of office had expired before March 3, 1903, the day said act took effect.

The title of an act is to receive a liberal construction if necessary to sustain the legislative intent. If the words used in a title, taken in any sense or meaning they will bear, are sufficient to cover the provisions of the act, the act will be sustained even though such meaning may not be the most common meaning of such words. These rules, however, are to be used to effectuate, not to defeat, the legislative intent. 26 Am. and Eng. Ency. Law (2d ed.), 583-590; 1 Lewis's Sutherland, Stat. Constr. (2d ed.), §§121, 127-129, 134; *Maule Coal Co.* v. *Partenheimer* (1900), 155 Ind. 100, 106, 107, and cases cited; *State, ex rel.,* v. *Roby* (1895), 142 Ind. 168, 184-188, 33 L. R. A. 213, 51 Am. St. 174; *State* v. *Arnold* (1895), 140 Ind. 628; *Walker* v. *Dunham* (1861), 17 Ind. 483. "The courts will not resort to a critical construction of the title in order to hold a statute unconstitutional. On the contrary the language of the title is in all cases given a liberal interpretation, and the largest scope accorded the

words employed that reason will permit in order to bring within the purview of the title all the provisions of the act." 26 Am. and Eng. Ency. Law (2d ed.), 583.

As was said in *Board, etc.,* v. *Lindeman* (1905), *ante,* 186, the subject of said act as expressed in the title was "to change the conditions upon which the salaries of 2.   the" officers named therein "were payable, for a period in the past commencing January 1, 1900, and as to all clerks and sheriffs after the taking effect of said act." The officers named in the act are "clerks and sheriffs," and section one provides for the payment "to the present officers" and "to those whose term of office has expired." Applying the rule above stated in the interpretation of said title, the same is broad enough to cover the provisions of the act for the payment not only of the salaries of clerks and sheriffs in office when said act was passed, when the salaries had not been paid in full for the reason that the fees collected and paid into the county treasury were not sufficient to pay the same, but also all clerks and sheriffs in like situation whose terms had expired after January 1, 1900, and before March 3, 1903, when said act took effect.

The title to said act of 1903 expressly limits the payment of salaries already earned by such officers to January 1, 1900.   As the title of the act expressly limits the 3.   particular period in the past to which it applies, and for which salaries shall be paid in full, the act is limited to that period. *Dixon* v. *Poe* (1902), 159 Ind. 492, 60 L. R. A. 308, 95 Am. St. 309; *State* v. *Bowers* (1860), 14 Ind. 195; *Mewherter* v. *Price* (1858), 11 Ind. 199; *Gillespie* v. *State* (1857), 9 Ind. 380; 1 Lewis's Sutherland; Stat. Constr. (2d ed.), §§120, 135; 26 Am. and Eng. Ency. Law (2d ed.), 590; Cooley, Const. Lim. (7th ed.), 211-214.

It is clear, therefore, as was said in *Board, etc.,* v. *Lindeman, supra,* that "All clerks and sheriffs who were in office during all or any part of the time from January 1, 1900,

to March 3, 1903, the date of the taking effect of said act of 1903, and whose salaries had not been paid in full on account of sufficient fees not having been collected and paid into the county treasury for that purpose, come within the provisions of section one of said act, and on complying with its provisions are entitled to receive their respective salaries in full for all or such part of the period from January 1, 1900, to March 3, 1903, as they may have served as such officers."

The other questions presented are the same as those determined against appellee's contentions in *Board, etc.*, v. *Lindeman, supra,* and on the authority of that case are decided in this case against appellee.

As, under the allegations of his complaint, appellant was entitled to the benefit of section one of said act of 1903, from January 1, 1900, to March 11, 1900, although a period of less than three months, the court erred in sustaining the demurrer to his complaint. This is true for the reason that, if a plaintiff is entitled to any part of the relief demanded, it is error to sustain a demurrer to the complaint for want of facts.

Judgment reversed, with instructions to overrule appellee's demurrer to the complaint, and for further proceedings not inconsistent with this opinion.