STEINKAMP *v.* BOARD OF COMMISSIONERS OF DECATUR COUNTY.

[No. 26,451. Filed March 5, 1936.]

*Wycoff & Wycoff,* for appellant.

*Tremain & Turner* and *Davidson & Rolfes,* for appellee.

FANSLER, J.—Appellant brought this action for the purpose of recovering damages resulting from a collision between his automobile and a county highway truck, which was the property of, and which was being operated by the agent of, the board of commissioners of the county of Decatur. Appellee demurred for want of facts, upon the sole ground that the title to chapter 162 of the Acts of 1929 is not sufficiently broad to cover the subject-matter of that section of the act which provides for liability upon the part of counties under such circumstances. The demurrer was sustained, which ruling is the basis of the only error assigned.

The act in question is entitled, "An act relating to the licensing of motor vehicle operators and chauffeurs and to the liability of certain persons and corporations for negligence in the operation of motor vehicles on the public highways and to make uniform the law relating thereto and providing for the collection of fees; and providing penalties for the violation thereof." Section 20 of the act is as follows: "State, counties and municipalities, when liable for negligence of their employees. This state and every county, city, municipal or other public corporation within this state employing any op-

erator or chauffeur shall be jointly and severally liable with such operator or chauffeur for any damages caused by the negligence of the latter while driving a motor vehicle upon a highway in the course of his employment."

The demurrer was sustained upon the ground that the word "corporations" in the title of the act is not broad enough to include or describe "counties"; that therefore section 20 is not embraced within the title of the act, and is unconstitutional; that, since counties are not liable for negligence at common law, and the act seeking to make them liable is unconstitutional, the complaint does not state a cause of action.

The following rules of construction are well established: "The title of an act is to receive liberal construction if necessary to sustain the legislative intent. If the words used in a title, taken in any sense or meaning they will bear, are sufficient to cover the provisions of the act, the act will be sustained even though such meaning may not be the most common meaning of such words. These rules, however, are to be used to effectuate, not to defeat, the legislative intent." *Hargis* v. *Board of Commissioners of the County of Perry* (1905), 165 Ind. 194, 195, 73 N. E. 915. "The courts will not resort to a critical construction of the title in order to hold a statute unconstitutional. On the contrary the language of the title is in all cases given a liberal interpretation, and the largest scope accorded the words employed that reason will permit in order to bring within the purview of the title all the provisions of the act." *Board of Commissioners, etc., et al.* v. *Albright et al.* (1907), 168 Ind. 564, 569, 81 N. E. 578.

Referring to the board of county commissioners, the statute provides: "Such commissioners shall be consid-

ered a body corporate and politic by the name ██ and style of 'The board of commissioners of the county of ————'; and as such, and in such name, may prosecute and defend suits, and have all other duties, rights and powers incident to corporations, not inconsistent with the provisions of this act." §5918, Burns' Ann. St. 1926, §26-606, Burns' Ann. St. 1933, §5220, Baldwin's 1934. "The board of commissioners of a county in Indiana is a corporation by statute." *Miller* v. *Board of Com'rs of Dearborn County et al.* (1879), 66 Ind. 162, 165. "There are numerous decisions in our own reports declaring that the board of commissioners constitutes a corporation, and that its rights, duties and liabilities are substantially the same as those of a municipal corporation." *Platter* v. *Board of Com'rs of Elkhart County* (1885), 103 Ind. 360, 369, 2 N. E. 544; *Board of Com'rs of Pulaski County* v. *Shields* (1891), 130 Ind. 6, 29 N. E. 385. The word "corporations" as used in the Constitution has been held to include municipal corporations. *Corporation of Bluffton et al.* v. *Studabaker et al.* (1886), 106 Ind. 129, 6 N. E. 1; *Wiley* v. *Corporation of Bluffton* (1887), 111 Ind. 152, 12 N. E. 165; *Town of Longview* v. *City of Crawfordsville* (1905), 164 Ind. 117, 73 N. E. 78; *Sarlls, City Clerk* v. *State ex rel. Trimble et al.* (1929), 201 Ind. 88, 166 N. E. 270. If the word "corporations" as used in the Constitution is sufficiently broad to cover municipal corporations, it is difficult to see why the same word in the title of an act is not sufficiently broad to cover the corporate entity which is the county, especially in view of the numerous decisions of this court which hold that the county is a corporation.

Appellee relies, and the court below no doubt acted, upon the reasoning in certain cases holding that, by the use of the word "corporation" in the body of a particular act under consideration. The legislature did not

intend to include municipal or public corporations. The reasoning of the court in these cases is necessarily predicated upon the idea that generally, and in its broadest sense, the word "corporation" does include public corporations, and that therefore it is necessary to resort to construction in order to exclude such corporations from the operation of the act under consideration.

Since the largest scope and broadest meaning must be given to words in the title of an act, it is clear that the word "corporations" in the title of the act in question is sufficiently broad to cover a "body corporate and politic by the name and style of 'The board of commissioners of the county of Decatur.' "

Judgment reversed, with instructions to overrule appellee's demurrer.

Tremain, J., not participating.