Yelch *v.* Trustees of Purdue University.

[No. 26,493. Filed March 22, 1936. Rehearing denied October 21, 1936.]

*Bingham, Mendenhall & Bingham* and *Charles W. Cook, Jr.,* for appellant.

*Randolph & Randolph* and *Stuart, Stuart & De Vol,* for appellee.

Roll, C. J.—This is an action for damages resulting from personal injuries sustained by appellant, and was brought by appellant Josette Yelch, a minor, by her next friend Harry L. Yelch, against the Trustees of Purdue University, a corporation, and against each of the Trustees of Purdue University.

The appellant filed her complaint in the Superior Court of Tippecanoe County. Several motions were addressed to appellant's complaint, and thereafter she filed her second amended complaint. To this amended complaint appellee joined in a separate and several demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action against appellee; appellee also joined in a joint demurrer, ad-

dressed to appellant's second amended complaint on the same ground.

Appellant dismissed her cause of action without prejudice, against each of the defendants except only appellee, The Trustees of Purdue University.

The court sustained appellee's joint and separate and several demurrers to appellant's second amended complaint.

Appellant excepted to the action of the court in sustaining each of the said demurrers to her complaint and refused to plead over, and judgment was rendered accordingly and appellant appeals.

The only error relied on for reversal is, The court erred in sustaining appellee's joint and separate and several demurrers to appellant's second amended complaint.

The facts set out in appellant's second amended complaint are briefly as follows: On March 8, 1931, appellant was riding as a passenger and guest in a certain motor vehicle which was then and there being operated and driven by one Richard H. Cook, northward over State Highway No. 37, about one and one-half miles south of Martinsville and while so riding as such passenger said defendants by and through one William Underwood, who was then and there the agent and servant of said defendants, and each of them, and as such was operating one of their automobiles under the orders and instructions of said defendants as a special agent and specialist in marketing in the employ of said defendants and was on a mission of said defendants en route from Lafayette, Indiana, to Jasper, Indiana, where he was to attend a meeting in reference to marketing and to which he had been assigned by defendants, The Trustees of Purdue University; that William Underwood drove, propelled and operated the motor vehicle of said defendants from the northward going

southward on said state highway in a careless, negligent, reckless and unlawful manner at a speed in excess of forty miles per hour and at a time when the highway was slick and slippery, and without keeping and maintaining a lookout ahead for approaching vehicles and traffic including the automobile in which this plaintiff was riding, whereby and on account of the separate and several acts of negligence, defendant's automobile was caused to strike and violently collide with the automobile in which plaintiff was riding and plaintiff as a result of the collision was seriously and permanently injured.

Appellee's demurrers and the memorandum attached thereto presents the question whether or not the "Trustees of Purdue University" are liable for the tortious acts of its agents. The major part of both appellee's and appellant's briefs are devoted to the question whether appellee is a public or a private corporation. Many cases are cited by each of the parties in support of their respective contentions. But the view we take of the question is, it is unnecessary to decide this very interesting and novel question or to classify it as either a private corporation or a public corporation. It is conceded by both parties that the "Trustees of Purdue University" is a corporation. If it is, the court was in error in sustaining the demurrer to the complaint for the reason that if it is a private corporation, it would be liable for the wrongful and negligent acts of its agents under the general corporate law of this state, the same as any private corporation, and appellee admits this rule; so if it be regarded as a public corporation, it would be liable under §10163.20, Burns' Ann. St. Sup. 1929, which provides that:

> "This state and every county, city, municipal or other public corporation within this state employing any operator or chauffeur shall be jointly and severally liable with such operator or chauffeur for

any damage caused by the negligence of the latter while driving a motor vehicle upon a highway in the course of his employment."

Under the provisions of this statute appellee would be liable to respond for damages caused by the negligence of its agents in the operation of a motor vehicle upon the public highways of this state, even though it be classified as a public corporation. It is contended by appellee that school corporations and other public corporations which are agencies of the state are not liable for the negligent acts of their officers, agents or servants and cites and quotes from the case of *Freel* v. *The School City of Crawfordsville* (1895), 142 Ind. 27, 41 N. E. 312, as follows:

"School corporations in this State are a part of the educational system of the State established in compliance with Article 8 of the Constitution which makes it the duty of the Legislature to provide by law for a general and uniform system of common schools, where tuition shall be without charge and equally open to all. They are involuntary corporations, organized not for the purpose of profit or gain but solely for the public benefit, and have only such limited powers as were deemed necessary for that purpose. Such corporations are but the agents of the State, for the sole purpose of administering the State's system of public education. . . ."

"School corporations are governed by the same law in respect to their liability to individuals for the negligence of their officers or agents as are counties and townships. It is well established that where sub-divisions of the State are organized solely for a public purpose, by general law, no action lies against them for an injury received by a person on account of the negligence of the officers of such sub-division, *unless a right of action is expressly given by statute*. Such sub-divisions then, as counties, townships and school corporations, are instrumentalities of government and exercise authority given by the State, and are no more liable for the acts or omissions of their officers than the State. . . ."

We think the above case correctly states the general rule

of law relative to liability of the state or its subdivisions, for damages caused by the negligent acts of its officers or agents. But the question here presented is, assuming appellee's position that the "Trustees of Purdue University" is a public corporation and agency of the state, still is it liable under the provisions of §10163.20, *supra.* Appellee in effect concedes that it would be liable if the above statute is constitutional. It is appellee's contention that this statute violates Article 4, §19 of the State Constitution, which requires every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title. The title of said act reads as follows:

"An Act relating to the licensing of motor vehicle operators and chauffeurs and to the liability of certain persons and corporations for negligence in the operation of motor vehicles on the public highways and to make uniform the law relating therto and providing for the collection of fees; and providing penalties for the violation thereof."

Section 20 of said act has heretofore been set out and need not again be repeated.

Appellee contends that the words "persons" and "corporations" in the title to said act do not include the "State," "Counties," "Municipalities" and "Public Corporations" set out in §20. This question was presented and decided adversely to appellee's contention in the case of *Steinkamp* v. *Board of Commissioners of Decatur County* (1936), 209 Ind. 614, 200 N. E. 211, and upon authority of that case appellee's contention cannot be sustained.

We are of the opinion that the complaint herein stated a cause of action and that the lower court erred in sustaining the demurrers thereto.

Judgment reversed with instructions to the trial court to overrule appellee's demurrers and for further proceedings not inconsistent with this opinion.