BOARD OF COMMISSIONERS OF ADAMS COUNTY ET AL.
*v.* FENNIG ET AL.
[No. 26,321. Filed January 16, 1937. Rehearing denied
April 2, 1937.]

412

*Henry B. Heller, Clark J. Lutz* and *Richard L. Ewbank,* for appellants.

*George T. Whitaker, Tod Whipple, J. J. Moran* and *Frank L. Kloeb,* for appellee.

FANSLER, J.—This is a proceeding to dredge part of the Wabash river, commencing in the state of Ohio and running into Indiana, under an interstate drainage law. (Acts 1913, ch. 331, p. 884.) It was commenced by the filing of a petition for drainage. There were remonstrances, a trial, and special findings of fact and conclusions of law, followed by judgment for appellees.

The only errors assigned question the correctness of twelve of the conclusions of law.

It appears that the regular judge was disqualified; that a special judge was appointed and acted for a time, when a change of judge was granted, and the ▆ Hon. George Leonard was selected as special judge. Shortly thereafter an election was held, and the Hon. Dore B. Erwin was elected judge of the Adams Circuit Court. Judge Leonard did not qualify. The fact of his failure to qualify was certified to Governor Leslie, who, after Judge Erwin had qualified as the regular judge, filed his certificate appointing the Hon. Henry Kister as special judge in the cause. Judge Kister quali-

fied, was sworn, and assumed jurisdiction of the case. The appellant Board of Commissioners filed objections to his acting upon the theory that, since Judge Erwin was the regularly elected judge, and was not disqualified, he took jurisdiction upon the failure of Judge Leonard to qualify. These objections were overruled. The appellant county made no objection. There was no motion for a new trial specifying this ruling as error, nor is it otherwise assigned as error. Appellants seek to raise the question of the validity of the appointment of Judge Kister for the first time in this court, without a specific assignment of error, upon the theory that his appointment is absolutely void, and that therefore the judgment is void. Section 2-1412 Burns' Ann. St. 1933, section 196 Baldwin's Ind. St. 1934, provides for the appointment of special judges by the Governor upon the failure of a special judge theretofore appointed to qualify or to act. Judge Kister was thus appointed, and thereafter acted under color of authority at least. A party who fails to question the authority of the judge under such circumstances, at the propert time, by objection to the exercise of jurisdiction, cannot thereafter raise the question. *Spurlock* v. *State* (1916), 185 Ind. 638, 114 N. E. 209, and cases cited. Appellant Board of Commissioners appears to have recognized this rule by filing objections, but the question has not been brought forward by assigning the ruling on the objections as a cause for new trial, so as to make it available for assignment as error, and therefore it is as though they had made no objection. The statute authorizes the Governor to appoint special judges in certain cases. The special judge assumed to act under an appointment by the Governor under the statute, and it cannot be said that he was acting without color of authority.

Appellants in their reply brief concede that: "Other than the fact that the Record shows that Henry Kister

was without authority to find the facts; and the fact that the court takes judicial notice of the repeal of Acts 1913 under which the proceeding is attempted, the appellees are correct in the statement of this point." (Appellees' Point XI.) Appellees' point referred to is as follows: "The appellants are relying solely for review and reversal upon the exceptions to the conclusions of law, which admit the facts, as found, are correct. Every fact essential to the rendition of the judgment ordering the drain has been found; the substance of which were heretofore set forth under proposition nine."

We have disposed of the question involving the authority of the special judge. The act under which the proceedings were had was repealed by the Drainage Law of 1933, which went into effect March 11, 1933. The final judgment was rendered on February 18, 1933, before the repeal. But there is a saving clause in the repealing statute, which provides: "This act shall not affect any pending proceedings within the purview of this act, but such proceedings shall be continued to final determination and conclusion under the provisions of the act under which the petition was filed." Acts 1933, ch. 264, §79, p. 1214. The repealing clause follows this saving clause. It is contended by appellants that for this reason, and for the reason that the repealing clause refers generally to all laws and parts of laws in conflict with the new statute, and also specifically repeals certain enumerated statutes, the saving clause does not affect or save proceedings pending under the acts specifically repealed. The saving clause and the repealing clause took effect concurrently. *State* v. *Williams* (1910), 173 Ind. 414, 90 N. E. 754. The saving clause provides that *"this act"* shall not affect *"any"* pending proceedings. The repealing clause is part of the act, and therefore cannot affect pending proceedings. The title of the act under which the proceedings

were had is as follows: "An Act providing for the construction and improvement of ditches, drains and water courses affecting lands in this state and an adjoining state, and providing for the distribution of the costs of locating and constructing said improvements between the county or counties of this state and the county or counties in the adjoining state." Appellants contend that this proceeding was had upon the theory that the costs should be assessed as benefits upon the lands and easements of citizen owners and highway owners benefited by the work, and if the body of the act can be construed as warranting such method for performance of the work, such provisions within the body of the act are beyond the title and void, and the proceedings following such method are void. In other words, it is appellants' contention that the title of the act refers only to division of the cost of construction between the county governments. If the title read, "An Act providing for the construction and improvement of ditches, drains and water courses affecting lands in this state and an adjoining state," and ended there, it would be sufficient to cover everything provided for in the body of the act, since it all relates to the subject of interstate drains. The fact that it goes further and refers to the distribution of costs between the counties cannot be reasonably treated as a limitation of the broad subject provided for in the beginning of the title. The title of an act will be liberally construed, and the words used given the broadest construction to avoid unconstitutionality. *Steinkamp* v. *Board of County Com'rs of Decatur County* (1936), 209 Ind. 614, 200 N. E. 211. The terms "county" and "people of the county" are, or may be, used interchangeably. Bouvier's Law Dictionary, Vol. 1, p. 693; Anderson's Dictionary of Law, p. 271; *County Court* v. *Sievert* (1874), 58 Mo. 201; *Carder* v. *Fayette County* (1865), 16 Ohio St. 369. That the act affects lands is sufficiently

indicated, and that it may affect them by creating a lien for benefits may be reasonably inferred. The title conforms to the constitutional ·purpose, since it is calculated to fairly give notice both to landowners and to the public corporation, and to reasonably lead to an inquiry into the body of the act.

In the finding of facts are set out numerous sections of the Ohio statute, similar in import to our own, upon the subject of interstate drains. Appellants concede, as indicated above, that facts sufficient are found to show that all of the steps required by the Ohio statute were taken. Appellants contend, however, that the findings do not disclose an Ohio statute which authorizes an Indiana court to establish a lien upon the affected lands within the state of Ohio, and that, since the improvement cannot be constructed as planned without affecting the Ohio lands, a judgment establishing liens upon the Indiana lands alone is unlawful. But the statute does not contemplate that the courts of Indiana establish a lien upon the lands in Ohio. The Ohio statute provides for the apportionment of the costs by the joint board of drainage commissioners, and the allocation of a portion thereof to the lands of each Ohio county affected, and that such costs shall be spread and assessed against the Ohio lands in the same manner in which assessments are determined in local proceedings. If the courts of each state must wait until the liens in the other state are finally adjudicated upon hearing upon remonstrances and appeals, such as are customary in drainage proceedings, then neither state could go forward, and it would be impossible to carry out the legislative purpose. The courts of each state must be permitted to go forward to final judgment upon the theory that the allotments of costs determined upon by the joint board of drainage commissioners will be ultimately sustained. If the proceedings are held to

be invalid, in so far as they affect lands in Ohio, by the courts of Ohio, and thus the completion of the work as a whole should be defeated, no doubt a way is open for relief from the assessments established by the judgment.

We find no error.

Judgment affirmed.